972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Joe RICHARDS, Thomas Joseph Gaglia, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55310.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided July 31, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Joe Richards and Thomas Joseph Gaglia appeal the district court's dismissal of their complaint. In the complaint, Richards and Gaglia claimed that 21 U.S.C. §§ 841(a)(1) (possession with intent to distribute) and 846 (conspiracy) are unconstitutional. The court held: (1) "the mischaracterized 'complaint' constitutes motions relevant to Criminal Case No. 86-0027" and (2) the motions "already have been filed and considered within the context of the criminal case." We affirm.
 
 
 3
 We may affirm on any ground supported by the record. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). In United States v. Visman, 919 F.2d 1390, 1393 (9th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 442 (1991), we reiterated that Congress may regulate intrastate activities that affect interstate commerce. Congress made specific findings regarding the effects of intrastate activities in controlled substances on interstate commerce. See id. Congress therefore may regulate such activity. Id. We understand Richards' and Gaglia's arguments, but sections 841(a)(1) and 846 are not unconstitutional.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3