972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael GONZALEZ, Defendant-Appellant.
 No. 90-10059.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Gonzalez appeals his sentence under the United States Sentencing Guidelines ("U.S.S.G."), following a guilty plea, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting in violation of 18 U.S.C. § 2. Pursuant to Anders v. California, 386 U.S. 738 (1967), Gonzalez's counsel filed a brief raising two possible issues for the first time on appeal: (1) whether the district court erred by not departing downward from the applicable sentencing range based upon Gonzalez's youth pursuant to U.S.S.G. § 5H1.1 and/or his lack of past criminal history pursuant to U.S.S.G. § 4A1.3; and (2) whether the district court erred by not departing downward in his base offense level for being a minor or minimal participant in the offense pursuant to U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we grant counsel's request to withdraw and affirm the district court judgment.[1]
 
 
 3
 A criminal defendant waives his right to challenge the probation officer's calculation of his sentence if he fails to raise the issue in district court. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 4
 At sentencing, the district court asked counsel if there were "any objections then to statements of material fact, sentencing classifications, Sentencing Guideline ranges, or policy statements contained in or omitted from the presentence report ..." (RT[1] 16/90 at 25-26). Defense counsel replied, "No, Your Honor" (id. at 26). After summarizing the presentence report, which recommended a two-level downward adjustment for acceptance of responsibility, the district court asked counsel "[d]o you wish to be heard further in mitigation of sentence" (id. at 28). Defense counsel again replied, "No Your, Honor" (id.). The district court then gave Gonzalez an opportunity to speak. He also did not raise any objections.
 
 
 5
 Thus, because Gonzalez did not raise these sentencing issues in the district court, we deem them waived and decline to reach the merits. See Visman, 919 F.2d at 1394. We grant counsel's request to withdraw.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S.75, 83 (1988), discloses no other issues for review