972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent HERMAN, Defendant-Appellant.
 No. 91-10573.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent Herman appeals his sentence under the Sentencing Guidelines, following a plea of guilty, for one count of manufacturing over 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Herman to the minimum mandatory sentence of five years imprisonment to be followed by four years supervised release.[1] Herman contends that the district court erred by including "dead" marijuana plants in its calculation of the total number of marijuana plants involved. The government contends that Herman waived his right to challenge the district court's sentencing calculation by withdrawing his objections at the sentencing hearing. We agree with the government, and we dismiss this appeal.
 
 
 3
 The right to appeal is purely statutory and not constitutional. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). A defendant waives his right to challenge the calculation of his sentence when he fails to object to the calculation at the sentencing hearing. United States v. Starr, No. 91-10215, slip op. 9017, 9027 n. 4 (9th Cir. July 29, 1992); United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 4
 Here, at the initial sentencing hearing, Herman questioned the accuracy of the presentence report. Specifically, he questioned the total number of marijuana plants used in the calculation of his sentence. At the subsequent sentencing hearing, Herman withdrew his challenge to the presentence report and stated that he accepted the facts in the presentence report and that he would not be requesting an evidentiary hearing to determine the number of marijuana plants involved in the offense. The district court sentenced Herman based on the number of marijuana plants included in the presentence report.
 
 
 5
 Herman's acceptance of the presentence report constitutes a waiver of his right to challenge factual determinations included in the report. See Starr, slip op. at 9027 n. 4; Visman, 919 F.2d at 1394. Accordingly, we do not reach his underlying claim.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Persons convicted of manufacturing 100 or more marijuana plants are subject to a five year minimum mandatory sentence. 21 U.S.C. § 841(b)(1)(B)(vii)