978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Oluyinka OKURIBIDO, Defendant-Appellant.
 No. 91-50547.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony Okuribido appeals from his sentence, imposed following his conviction at jury trial, for possession of counterfeit securities and implements for making counterfeit securities in violation of 18 U.S.C. §§ 513(a) and (b). Okuribido contends that the district court erred by including two counterfeit cashier's checks not charged in the indictment in its calculation of his sentence under the United States Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Generally, we review for clear error a district court's determination of facts underlying application of the Guidelines. United States v. Fine, No. 90-50280, slip op. 11067, 11073 (9th Cir. Sept. 14, 1992) (en banc). Nevertheless, where a defendant fails to raise in the district court an objection to the factual accuracy of the presentence report, he waives the right to raise the challenge on appeal. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991); see also United States v. Belden, 957 F.2d 671, 674 (9th Cir.), (argument regarding application of the Guidelines is waived if not raised in the district court), cert. denied, 61 U.S.L.W. 3262 (U.S. Oct. 5, 1992).
 
 
 4
 Here, the presentence report (PSR) established that Okuribido arrived in the United States in possession of ten counterfeit cashier's checks with a combined face value of $69,000 and two plates designed for the production of additional checks. The PSR calculated Okuribido's offense level based on these items as well as two uncharged counterfeit cashier's checks, bearing the same face and serial numbers as two of the checks found in Okuribido's possession, which had been negotiated through a New York bank shortly after his arrival in the United States. Okuribido contends that the government did not prove by a preponderance of the evidence that the latter checks were "connected" to him. He has waived this claim by never raising it to the district court, however, and we decline to address it. See Belden, 957 F.2d at 674; Visman, 919 F.2d at 1393-94.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3