**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Carl VISMAN,
Defendant–Appellant.**

**No. 89–10630.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1990.

Decided Nov. 28, 1990.

Charles M. Bonneau, Sacramento, Cal., for defendant-appellant.

Robert M. Twiss, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before ALARCON, BRUNETTI and KOZINSKI, Circuit Judges.

ALARCON, Circuit Judge:

Michael Carl Visman (Visman) appeals from his conviction and sentence for three counts of violating the Comprehensive Drug Abuse Prevention and Control Act of 1970. Count I charged Visman with conspiracy to manufacture, possess with intent to distribute, and distribution of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count II charged Visman with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. Count III charged Visman with maintaining a place for the manufacture of marijuana in violation of 21 U.S.C. § 856 and aiding and abetting in violation of 18 U.S.C. § 2. (ER 1–2).

## PERTINENT FACTS

On October 13, 1989, officers from the United States Forest Service flew an aerial reconnaissance mission in search of suspected marijuana patches on National Forest lands in Camino, California. The agents observed a marijuana patch near the United States Forest Service nursery in a blackberry thicket on Visman's property. The next day an eradication team returned to the area. They found a tunnel 50 to 70 feet long leading through the blackberry thicket to the marijuana patch.

On another part of Visman's property, the officers found the source of the irrigation system for the marijuana patch. The officers then went to Visman's residence. Detective Groth advised Visman of his *Miranda* rights. Visman consented to a full

search of his house and grounds. The officers discovered evidence of marijuana cultivation in the basement. The officers saw some loose marijuana on the floor, closed off windows, an electrical bypass and walls painted white three fourths of the way up the wall.

During the search of the house, Visman stated, "I knew it was wrong. I should not have let my family members talk me into this. I'm involved because my house and land were used to grow it, and it would be wrong to blame it all on him." Visman also stated that his brother had gotten him into this and that it had ruined his whole life.

Visman testified in his own defense at trial. During his testimony, he denied that he participated in cultivating marijuana. He claimed that the equipment in his basement was for growing macrobiotic vegetables.

On July 20, 1989, the jury found Visman guilty and the court referred the matter to the United States Probation Service for the preparation of a presentence report. During his interview with the probation officer, Visman admitted that he knew the marijuana was growing in the blackberry thicket and that he was going to split the proceeds from the crop with his brother. After the sentencing hearing, the trial court entered a finding of fact that Visman had committed perjury during trial. The court granted the government's motion for an upward departure in sentencing based on obstruction of justice. The district court sentenced Visman to 30 months in custody followed by two years of supervised release.

## DISCUSSION

### I. FEDERAL JURISDICTION

■ Visman contends that there is no basis for federal jurisdiction over the criminal cultivation of marijuana plants found rooted in the soil. First, Visman argues that there is no reasonable basis to assume that plants rooted in the soil affect interstate commerce. Second, Visman argues that Congress does not have the authority to regulate intrastate illegal conduct that affects interstate commerce.

■ We review a district court's assumption of jurisdiction *de novo*. *United States v. Layton*, 855 F.2d 1388, 1394 (9th Cir. 1988) (citing *United States v. Hill*, 719 F.2d 1402, 1404 (9th Cir.1983)). Federal jurisdiction over this matter was based on the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Drug Act). 21 U.S.C. § 801 to § 966. Visman was convicted under § 841(a)(1), § 846 and § 856 of the Drug Act.

Title 21 U.S.C. § 801 contains the introductory provisions to the Drug Act, including Congressional findings and declarations. In § 801, Congress specifically found that a nexus exists between marijuana and interstate commerce. Congress concluded that controlled substances have a "detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2). Congress also found that "local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances." 21 U.S.C. § 801(4). Congress also found that "[f]ederal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic." 21 U.S.C. § 801(6).

The Supreme Court has instructed that Congress may regulate those wholly intrastate activities which have an effect upon interstate commerce. *Wickard v. Filburn*, 317 U.S. 111, 125, 63 S.Ct. 82, 89, 87 L.Ed. 122 (1942); *United States v. Darby*, 312 U.S. 100, 120–21, 61 S.Ct. 451, 460–61, 85 L.Ed. 609 (1941).

In *Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971), the Court ruled that the defendants' local, illegal activity of loan sharking was within a "class of activity" that adversely affected interstate commerce and Congress had the power to regulate it. *Id.* at 156–57, 91 S.Ct. at 1362–63. The Court concluded that "[e]xtortionate credit transactions, though purely intrastate, may in the judgment of Congress affect interstate commerce." *Id.* at 154, 91 S.Ct. at 1361. The Court stated,

"Where the *class of activities* is regulated and that *class* is within the reach of federal power, the courts have no power 'to excise, as trivial, individual instances' of the class." *Id.* (quoting *Maryland v. Wirtz,* 392 U.S. 183, 193, 88 S.Ct. 2017, 2022, 20 L.Ed.2d 1020 (1968)).

This court has previously held that Congress may constitutionally regulate intrastate drug activity under 21 U.S.C. § 841(a)(1). *United States v. Rodriquez–Camacho,* 468 F.2d 1220 (9th Cir.1972); *United States v. Montes–Zarate,* 552 F.2d 1330 (9th Cir.1977). In *United States v. Rodriquez–Camacho,* the appellant argued that Congress may not constitutionally regulate the intrastate distribution of controlled substances under § 841(a)(1). *Rodriquez–Camacho,* 468 F.2d at 1221. We also stated that "Congress may regulate not only interstate commerce but also those wholly intrastate activities which it concludes have an effect upon interstate commerce." *Id.* (citing *Perez v. United States,* 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971)). We recognized further that "[m]arijuana is listed among the controlled substances in the challenged statute, and Congress has made specific findings as to the effect of intrastate activities in controlled substances on interstate commerce." *Rodriquez–Camacho,* 468 F.2d at 1221. We stated that " '[t]his court will certainly not substitute its judgment for that of Congress in such a matter unless the relation of the subject to interstate commerce and its effect upon it are clearly nonexistent.' " *Id.* at 1221–22 (quoting *Stafford v. Wallace,* 258 U.S. 495, 521, 42 S.Ct. 397, 403, 66 L.Ed. 735 (1922)). We concluded that Congress had a rational basis for making its findings and that "[t]his is a matter ... whose ultimate resolution lies in the legislature and not in the courts." *Id.* at 1222.

In *United States v. Montes–Zarate,* the appellant claimed that the district court did not have jurisdiction over the possession of marijuana with intent to distribute because no interstate nexus was established. *Montes–Zarate,* 552 F.2d at 1331. We held that § 841(a) "is constitutional and that no proof of an interstate nexus is required in order to establish jurisdiction of the subject matter." *Id.* We adopted the reasoning of the Fourth Circuit and concluded as follows:

> Congressional findings on which the legislature rested disclosed that intrastate possession, distribution and sale of drugs ... directly and injuriously effected the introduction of them into other States to the injury of the public health and welfare there. 21 U.S.C. §§ 801, 812. Thus the definition and proscription of transactions of 'controlled substances', 21 U.S.C. § 812(b), entirely within a State is altogether constitutional.

*Id.* (quoting *United States v. Atkinson,* 513 F.2d 38, 39–40 (4th Cir.1975)).

■■■ We hold that Congress may constitutionally regulate intrastate criminal cultivation of marijuana plants found rooted in the soil. We defer to Congress' findings that controlled substances have a detrimental effect on the health and general welfare of the American people and that intrastate drug activity affects interstate commerce. *Rodriquez–Camacho,* 468 F.2d at 1221–22. We further hold that local criminal cultivation of marijuana is within a class of activities that adversely affects interstate commerce.

## II. WAIVER OF RIGHT TO CHALLENGE ON APPEAL

■ The government argues that Visman waived his right to challenge on appeal a two-level increase for obstruction of justice by failing to object at the sentencing hearing. We agree.

During the sentencing proceedings, the district court summarized the recommendations of the probation officer in the presentence report including the addition of "two levels because the defendant lied at trial...." When asked if there was any objection to the probation officer's computation, Mr. Weiner, the defendant's counsel, replied, "No, we concur." Later in the proceedings, the court asked counsel if there were "any other objections to statements of material fact, sentencing classification, sentencing Guideline ranges, or poli-

cy statements contained in or omitted from the presentence report...." Mr. Weiner replied, "No, Your Honor." Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure provides that "where factual inaccuracy is alleged, the defendant has the burden of introducing, or at least proffering, evidence to show the inaccuracy." *United States v. Roberson*, 896 F.2d 388, 391 (9th Cir.1990).

Other circuits have held that a defendant waives a challenge to a presentence report by failing to object in the district court. In *United States v. Soliman*, 889 F.2d 441 (2nd Cir.1989), the defendant failed to challenge a presentence report in the district court. *Id.* at 445. The district court assessed a two-point penalty for obstruction of justice based on information in the presentence report that the defendant had testified untruthfully at a suppression hearing. *Id.* The Second Circuit held that the defendant could not seek relief on appeal after failing "to avail himself of this opportunity below." *Id.*

In *United States v. Atehortua*, 875 F.2d 149 (7th Cir.1989), the Seventh Circuit held that the defendant "has not found any case excusing failure to raise an objection to the presentence report in a timely fashion; neither have we." *Id.* at 151. The court concluded that the defendant forfeited his opportunity to contest the probation officer's severity rating calculation on appeal. *Id.* In *United States v. Stout*, 882 F.2d 270 (7th Cir.1989), the Seventh Circuit stated that "[b]ecause Rule 32 contemplates that a defendant will inform the district court of any error in the presentence report prior to, or at, the sentencing hearing, Stout may have waived his right to dispute the probation office's estimate of his offense severity rating." *Id.* at 272 n. 3.

We have considered the waiver of an objection to sentencing in two decisions prior to the enactment of the Sentencing Guidelines. In *United States v. Cloud*, 872 F.2d 846 (9th Cir.1989), the defendant argued that a provision requiring the unpaid balance of the restitution payments to become due and payable upon his death was void under 18 U.S.C. § 3565(h). *Id.* at 857.

We held that "[w]e need not decide this issue, however, because it does not appear that [the defendant] presented it to the court below." *Id.* (citing *United States v. Grewal*, 825 F.2d 220, 223 (9th Cir.1987)). In *United States v. Grewal*, we refused to consider whether the amount of restitution imposed as a condition of probation exceeded the actual loss suffered by the victim because the defendant did not raise this issue at the district court level. *Grewal*, 825 F.2d at 223.

Visman waived his right to challenge the two-level increase for obstructing justice under Federal Sentence Guideline 3C1.1 because he agreed to the adjustment and failed to present the issue in the district court.

AFFIRMED.