972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan CORTEZ-DAVILLA, Defendant-Appellant.
 No. 91-30361.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Cortez-Davilla ("Cortez") appeals his sentence under the United States Sentencing Guidelines ("U.S.S.G.") for conspiracy to possess with intent to distribute more than 500 grams of cocaine and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). Cortez contends that the district court erred by increasing his base offense level under U.S.S.G. § 2D1.1(b)(1).[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Cortez argues that the evidence failed to show that he physically or constructively possessed the firearms discovered at the Juniper Court residence. Nevertheless, Cortez failed to raise this issue in his written objections to the presentence report ("PSR") or before the district court at the sentencing hearing. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).[2] During the sentencing proceedings, the district court summarized the basis for the base offense level including the two-level firearm adjustment. Cortez did not make any objections or comments concerning the firearm adjustment. See id. Accordingly, he waived his right to challenge the two-level increase. See id. at 1394.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2D1.1(b)(1) instructs the district court to increase by two levels the base offense level if a firearm or other dangerous weapon was possessed during the commission of the offense
 
 
 [2]
 Cortez filed written objections to the PSR challenging the amount of drugs used to determine the base offense level. At the sentencing hearing, Cortez urged the court to impose sentence at the low end of the guideline range