977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Brian HALL, Defendant-Appellant.
 No. 91-50666.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Oct. 1, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Stanley Hall was convicted of distributing a cocaine base in violation of 21 U.S.C. § 841(a)(1). He challenges the constitutionality of his conviction on the grounds that § 841 violates the separation of powers, is a bill of attainder, and fails to satisfy the Commerce Clause. He also argues that he was not a party that could be convicted of a narcotic offense. He also attacks his indictment for failure to satisfy Rule 7(c), and various Grand Jury procedures. Finally, he challenges the district court's summary procedures in denying his jurisdictional and constitutional claims. We affirm the district court.
 
 
 3
 Under 21 U.S.C. § 811(h), Congress empowers the Attorney General to designate substances temporarily as Schedule I controlled substances. Hall argues that this delegation violates the separation of powers, citing to United States v. Widdowson, 916 F.2d 587 (10th Cir.1990). Hall lacks standing to raise this issue because cocaine base was no longer on the temporary schedule of controlled substance under § 811(h) when Hall was indicted, but had moved to the permanent Schedule II controlled substance list. Even if Hall has standing to challenge the constitutionality of § 811(h), his challenge fails after Touby v. United States, 111 S.Ct. 1752 (1991), which overruled the original decision in Widdowson. See United States v. Widdowson, 949 F.2d 1063 (10th Cir.1991) (reversing decision on remand).
 
 
 4
 Hall argues that 21 U.S.C. § 841(a)(1) constitutes a bill of attainder. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Selective Service v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 846-47 (1984) (quoting Nixon v. Administrator of General Services, 433 U.S. 425, 468 (1977)). Section 841(a)(1) neither singles out Hall, nor denies him the protections of a trial. Therefore, it does not constitute a bill of attainder.
 
 
 5
 Hall then attacks 18 U.S.C. § 841(a)(1) on the grounds that it violates the Commerce Clause. However, this court has already held that Congress may criminalize even intrastate commerce in controlled substances because of its effects on interstate commerce. United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990). Therefore, no interstate commerce element is even necessary.
 
 
 6
 Hall next argues that the Comprehensive Drug Abuse Prevention and Control Act of 1970 applies only to licensed medical practitioners, of which he is not one. The statute, however, prohibits "any person" from distributing a controlled substance. 21 U.S.C. § 841(a)(1). Hall's reliance on United States v. Moore, 423 U.S. 122 (1975), is entirely misplaced. There, the Court was attempting to determine whether a registered physician was exempt from § 841(a)(1), not whether a nonphysician was exempt. The Court determined that § 841(a)(1) applied to "all persons." See id. at 134 ("Congress was concerned with the nature of the drug transaction, rather than with the status of the defendant.").
 
 
 7
 Hall argues that the indictment was fatally vague. First, he argues that it cited only a violation of 21 U.S.C. § 841(a)(1), which he claims does not apply to him because he is not a licensed medical practitioner. For the reasons discussed supra, Hall could be charged with violation of § 841(a)(1). Hall also claims that the indictment fails to state the essential elements of the charged crime. "The indictment ... shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Here, the indictment states that Hall and others were charged with "knowingly and intentionally" distributing "cocaine base" on two specific dates in violation of 21 U.S.C. § 841(a)(1). The indictment tracks the language of 21 U.S.C. § 841(a)(1). Hall was apprised of the charges facing him.
 
 
 8
 Hall argues that he should have been prosecuted by information, not indictment. The Federal Rules of Civil Procedure provide: "An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information." Fed.R.Crim.P. 7(a). Hall faced, and was ultimately sentenced to a term in excess of one year. Because Hall is not claiming that he wished to waive the indictment at any stage of the proceedings, but rather incorrectly claims that 21 U.S.C. § 841 is a regulation, not a statute, no possible error occurred.
 
 
 9
 Hall's final complaint is that the district court abused its discretion in dismissing his motions without a hearing or allowing the government to oppose his motion. Hall recognizes that the district court may dismiss a motion if "the motion was frivolous and without merit." Hall's motions and claims were frivolous and without merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3