978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacqui BLAND, Defendant-Appellant.
 No. 91-50169.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacqui Bland appeals her sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), imposed following her guilty plea, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Bland contends that the district court erroneously determined the amount of cocaine in calculating her base offense level. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the legality of a sentence, while reviewing for clear error the district court's underlying factual findings. United States v. Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. 10663, 10669 (9th Cir. September 3, 1992). A criminal defendant waives her right to challenge the probation officer's calculation of her sentence if she fails to raise the issue in district court. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 4
 Here, the presentence report ("PSR") indicated that the amount of cocaine involved was 2,006.4 grams. Pursuant to the Guidelines section 2D1.1, Bland's base offense level was 28. The PSR recommended a two-level reduction for acceptance of responsibility. Based on a total offense level of 26 and criminal history category of III, Bland's applicable sentencing range was 78 to 97 months. See U.S.S.G. § 5A. At the sentencing hearing, defense counsel stated the following:
 
 
 5
 [Y]our Honor, we would admit that under the Guideline law, that that is technically the correct criminal offense history level, and the correct adjusted offense level. However, your Honor, for a number of reasons I would ask the court for a little bit of mercy with respect to Ms. Bland....
 
 
 6
 * * *
 
 
 7
 ... [S]he had, according to the chemical analysis in this case, two kilos, six grams. And it is those six grams which took her up to that level 28 in the drug table. So if there had would have been six little grams less, she would have fallen in, your Honor to a category--an adjusted offense level of 26 instead of 28 under the drug table.
 
 
 8
 (SER at 4-6). The district court inquired whether the weight of the cocaine included the packaging. The government answered that it was unsure, while defense counsel stated packaging is usually not included in the weight of narcotics. Defense counsel did not raise any further arguments in mitigation of the sentence. The district court then adopted the factual findings of the PSR and sentenced Bland to 78 months imprisonment.
 
 
 9
 Bland contends that due to ambiguity regarding the packaging that the rule of lenity requires a finding of less than 2,000 grams of cocaine. Bland, however, did not raise this argument below as an objection to the PSR. Therefore, we deem the issue waived and decline to reach the merits. See Visman, 919 F.2d at 1394; see, e.g., United States v. Starr, No. 91-10215, slip op. 9017, 9027 n. 4 (9th Cir. July 29, 1992) (declining to address challenge to information contained in the PSR which was not objected to in district court); United States v. Belden, 957 F.2d 671, 674 (9th Cir.1992) (declining to address challenge to amount of seized marijuana plants where defendant did not object to PSR calculations in district court).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3