980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Michael DAWSON, Defendant-Appellant.
 No. 91-10330.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Nov. 24, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary Dawson appeals his sentence of 24 months imprisonment, imposed after his conviction of theft of government property, 18 U.S.C. § 651, and conspiracy to defraud the United States, 18 U.S.C. § 371. We affirm.
 
 
 3
 II. Standard of Review.
 
 
 4
 We review the application of the guidelines de novo. United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991). We review the district court's factual determination that Dawson obstructed justice for clear error. United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990). We also review for clear error the court's factual determination of the amount of the government's loss. Koenig, 952 F.2d at 271.
 
 
 5
 III. Obstruction of Justice.
 
 
 6
 Section 3C1.1 says that if the defendant willfully attempts to obstruct the administration of justice during the investigation, prosecution or sentencing of the instant offense, the court must increase the offense level by 2 points. The commentary gives as an example of such conduct "committing, suborning or attempting to suborn perjury." U.S.S.G. § 3C1.1 app. n. 3(b). The district court found that Dawson had told "the most preposterous blatant lies" on the witness stand, and enhanced his offense level in accord with § 3C1.1.
 
 
 7
 Dawson argues that the district court erred when it failed to specify which statements that he made were lies, and that § 3C1.1 violates the Due Process Clause, because it allows the judge to use her own evaluation of the defendant's veracity as a factor in sentencing. Both arguments must be rejected under United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990).
 
 
 8
 Dawson also argues that the district court clearly erred in finding that he lied on the stand. Application note 1 says that in applying § 3C1.1, "the defendant's testimony and statements should be evaluated in a light most favorable to the defendant." As we construed this note in Barbosa, it
 
 
 9
 does not require the ... court to believe the defendant, but simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction.
 
 
 10
 Id. The trial judge made that determination, and the determination was not clearly erroneous.
 
 
 11
 Dawson testified at trial that Bernstein told him that the government would get all its silver or money back, and that he "never for once thought that [Bernstein] was taking this money." He stated that he did not think that by processing the government film as commercial film he or anyone else was "taking property" from the government.
 
 
 12
 Caldwell testified that Dawson told him that Bernstein wanted to "steal" more film, but that they shouldn't worry because they wouldn't get caught. Marianne Tierney, an American Refining employee, testified that Dawson referred to what they were doing with the government film as "stealing," and said that they wouldn't get caught because the government would not miss the film. Dawson specifically denied that he told Caldwell that Bernstein wanted to steal more film, and that he told Tierney they were stealing the film.
 
 
 13
 Dawson at one point testified that he told Sam Anderson, a lawyer for American Guarantee, that he didn't steal the money. Later, he testified that he said nothing in response to Anderson's questions, and that he didn't know what conversation the prosecutor was talking about. Similarly, he first testified that it was his idea to separate the high and low-quality film to make it process quicker, and later he denied that it was his idea.
 
 
 14
 Dawson testified that he thought the checks he received from Bernstein were bonuses for work on the government contract. But the checks were several times larger than his salary at the time, and were drawn on the accounts of Century and Sussman. The district court's determination that Dawson lied on the stand is not clearly erroneous. United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990) (obstruction enhancement properly applied where the defendant changed his story at trial and circumstantial evidence contradicted his testimony).
 
 
 15
 IV. Disproportionality.
 
 
 16
 The district court sentenced Dawson to 24 months imprisonment, but sentenced Bernstein to 18 months imprisonment, and Caldwell to 3 years of probation. Dawson argues that the district court's refusal to depart downward to equalize his sentence with Bernstein's penalized him for exercising his right to trial, because there was "no principled basis" for imposing a harsher sentence on him than on Bernstein. We need not comment on the significance of the fact that Bernstein did not lie at trial, and Dawson did. We lack jurisdiction to review the district court's discretionary refusal to depart downward. United States v. Koenig, 952 F.2d 267, 273 (9th Cir.1991).
 
 
 17
 V. The Amount of the Loss.
 
 
 18
 Dawson argues that the money received by Bernstein and Caldwell should not have been aggregated with the amount that he received, because he did not know exactly how much they would steal and how they would do it. Dawson did not raise this point in the district court, so he cannot raise it here. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 19
 VI. Minor Participant Reduction.
 
 
 20
 Dawson argues that he should have received a 2 point reduction in his offense level under § 3B1.2(b) because he was a minor participant in the criminal activity. We do not reach the question of whether a supervisor who directed employees to steal would be entitled to a "minor participant" reduction. Dawson waived this argument because he did not raise it in the district court. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3