991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Nicholas VINCENT, Defendant-Appellant.
 No. 92-7068.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 4, 1993
Decided: April 26, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Richard C. Erwin, Senior District Judge. (CR-89-247-WS, CA-91-647-6)
 Terry G. Harn, Chapel Hill, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Thomas Nicholas Vincent appeals from the order of the district court adopting the report of the magistrate judge and denying relief under 28 U.S.C. § 2255 (1988). We affirm.
 
 
 2
 Vincent pled guilty, pursuant to a plea agreement, to one count of a federal indictment charging him with manufacturing marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) (1988). Vincent was subsequently sentenced to a mandatory minimum term of sixty months pursuant to § 841(b)(1)(B)(vii). The district court had previously denied a motion to suppress brought by Vincent; after judgment was entered Vincent appealed to this Court raising as the only issue the denial of the motion to suppress. This Court affirmed. United States v. Vincent, No. 90-5671 (4th Cir. Feb. 20, 1991) (unpublished), cert. denied, 60 U.S.L.W. 3342 (U.S. 1991).
 
 
 3
 Vincent then filed a motion under § 2255 raising four claims: (1) the trial court lacked subject matter jurisdiction; (2) counsel was ineffective; (3) his guilty plea was involuntary; and (4) the sentence he received was unconstitutional. The motion was referred to a magistrate judge for a report and recommendation. After receiving a response from the Government and a traverse from Vincent, the magistrate judge issued a report recommending that the motion be denied on the merits. Vincent filed objections, and after de novo review the district court adopted the report and denied relief. Vincent filed a timely notice of appeal.
 
 
 4
 Section 841(b)(1)(B)(vii) states that anyone who manufactures "100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight" shall be sentenced to a term of imprisonment of not less than five years nor more than forty years.
 
 
 5
 Both bulk marijuana and marijuana plants were found at Vincent's home. There was a dispute over the weight of the bulk marijuana, and after a hearing the court found that the amount of marijuana involved was thirty-one pounds, eight ounces. Vincent contends on appeal that the court meant by this finding that that was all the marijuana involved. However, it is clear from the record that the district court was referring only to the bulk marijuana, as it was undisputed that over 100 marijuana plants had also been found in the house. Because more than 100 marijuana plants were found, Vincent was properly convicted under § 841(b)(1)(B)(vii).
 
 
 6
 Because Vincent's claim that his plea was involuntary was based upon his erroneous conclusion concerning the court's finding as to the weight of marijuana, it is likewise without merit.
 
 
 7
 Vincent's ineffective assistance argument was based upon two claims: counsel failed to conduct an investigation and pre-hearing discovery, and counsel failed to produce evidence at the hearing on the motion to suppress.*
 
 
 8
 Again, because the claim concerning failure to conduct an investigation or pre-hearing discovery proceeds from Vincent's misapprehension about the court's statement concerning the weight of the marijuana, it is meritless. His second claim is likewise without merit because Vincent failed to allege what the testimony of the witnesses would have been. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3724 (U.S. 1991).
 
 
 9
 Vincent's final claim is equally unavailing. No interstate nexus is required to establish jurisdiction under § 841; purely intrastate possession of drugs may be reached by the statute. United States v. Visman, 919 F.2d 1390, 1392 (9th Cir. 1990), cert. denied, 60 U.S.L.W. 3374 (U.S. 1991); United States v. Atkinson, 513 F.2d 38, 39-40 (4th Cir. 1975). Under the separate sovereigns doctrine it is clear that the United States has the authority to prosecute someone for conduct which is also a crime under state law, regardless of whether a prosecution has been commenced, or a conviction obtained, in state court. Abbate v. United States, 359 U.S. 187, 194-96 (1959). A defendant may be prosecuted under § 841 in federal court even if no federal officer or agent participated in the investigation or arrest of the defendant. See, e.g., United States v. Smith, 727 F. Supp. 1023 (W.D. Va. 1990). The fact that a defendant is arrested and charged with a state crime, and then transferred to federal authorities for prosecution, does not offend due process. Id. at 1024-25.
 
 
 10
 Accordingly, the judgment of the district court is affirmed. We deny Vincent's motion for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Though Vincent raised other ineffective assistance claims in the district court, he pursued only these two claims before this Court