2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph C. KELLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56321.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 13, 1993.
 
 Before NORRIS, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph C. Kelly and his codefendant, Terrence Nikrasch, were charged with five counts: (1) conspiracy to manufacture and possess counterfeit obligations, in violation of 18 U.S.C. Sec. 371; (2) manufacturing approximately $1,970 in counterfeit obligations, in violation of 18 U.S.C. Sec. 471; (3) possessing approximately $1,970 in counterfeit obligations, in violation of 18 U.S.C. Sec. 472; (4) making impressions of the front and back sides of likenesses of parts of obligations, in violation of 18 U.S.C. Sec. 474; and (5) possession of plates and other things for the making of counterfeit obligations, in violation of 18 U.S.C. Sec. 474. Before trial, the district court dismissed count four, sua sponte, on the ground that it was phrased improperly.
 
 
 3
 Kelly and Nikrasch entered into conditional plea agreements to the four remaining counts after the government rested its case during trial. Their pleas reserved the right to appeal the district court's denial of a motion to suppress evidence. On November 4, 1991, Kelly was sentenced to fifty-one months imprisonment followed by two years of supervised release. On November 8, 1991, Kelly filed a notice of appeal regarding the district court's denial of his motion to suppress. On October 21, 1992, this court affirmed the district court's denial of Kelly's motion to suppress.
 
 
 4
 On May 12, 1992, Kelly moved the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. The district court "summarily denied and dismissed" Kelly's Sec. 2255 motion on July 14, 1992. Kelly timely appealed. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 2255. We affirm.
 
 DISCUSSION
 A.
 
 5
 Kelly argues that the district court erred in denying his Sec. 2255 motion because in sentencing Kelly, the district court improperly concluded that Kelly and Nikrasch intended to manufacture five million dollars in counterfeit currency. The district court based this conclusion on the following statement made by Nikrasch to a probation officer:
 
 
 6
 ... the partially completed currency were "practice sets" and would have probably produced approximately 5 million, ultimately, in bogus United States currency.
 
 
 7
 Based on this statement, the district specifically found that Nikrasch and Kelly's intent to manufacture five million dollars in counterfeit obligations was "established with reasonable certainty." However, because Kelly failed to challenge his sentence either at the sentencing hearing or on direct appeal, he has waived his claim to Sec. 2255 relief. See United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992); United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991); United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990).
 
 B.
 
 8
 Kelly also appears to contend that he received ineffective assistance of counsel, although it is not clear that he properly raised this argument below or before this court. The substance of his ineffective assistance claim is his attorney's failure either to object at the sentencing hearing to the use of Nikrasch's statement or to challenge the use of the statement during Kelly's direct appeal. To succeed on his ineffective assistance claim, Kelly "has the burden of demonstrating that: (1) [his] counsel's performance was deficient and (2) the deficient performance prejudiced [his] defense." See United States v. Rogers, 769 F.2d 1418, 1424 (9th Cir.1985). Because we conclude that the district court properly considered Nikrasch's statement in calculating Kelly's sentence, Kelly cannot demonstrate the requisite prejudice.
 
 
 9
 Kelly challenges the district court's use of Nikrasch's statement on several grounds. We reject each.
 
 
 10
 First, Kelly argues that the district court promised him that he would be sentenced only on the basis of $1,970 in counterfeit currency and then at sentencing reneged on that promise. From our review of the record, we conclude that no such promise was made. Kelly's distorted reading of one pretrial statement by the district court does not establish a promise at all. Moreover, the language of the plea agreement unequivocally informed Kelly that the government would seek a sentence based on the entire eighteen million dollars in uncompleted counterfeit currency. The plea agreement also stated that the district court was not a party to that agreement. Further, in accepting Kelly's change of plea, the district court made it clear that the court had no part in the plea agreement and could not predict Kelly's eventual sentence.
 
 
 11
 Second, Kelly argues that he was entitled to greater notice of the district court's intention to use Nikrasch's statement before the court departed upward. This argument fails because the district court did not depart upward, it merely applied the specific offense characteristic adjustments for Kelly's conspiracy conviction. Moreover, as discussed above, Kelly was on notice that he could be sentenced based on an amount of counterfeit currency greater than $1,970.
 
 
 12
 Finally, Kelly argues that the district court sentenced him on the basis of dismissed counts, in violation of United States v. Faulkner, 952 F.2d 1066 (9th Cir.1991). Faulkner does not apply here. Kelly's sentence was not based on any dismissed counts; rather it was based primarily on the conspiracy count to which Kelly pleaded guilty. That count alleged as an overt act of the conspiracy that Kelly possessed prints and impressions in the likeness of currency in the amount of approximately $18,882,460. Therefore, under Sentencing Guideline section 2X1.1(a), which governs conspiracies, Kelly was properly sentenced based on the total amount of counterfeit obligations Kelly intended to produce--five million dollars.
 
 
 13
 Accordingly, because the district court properly considered Nikrasch's statement, Kelly was not prejudiced by his counsel's failure to object to the use of the statement or to challenge the use of the statement during Kelly's direct appeal.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3