5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis REDONDO-LEMUS, Defendant-Appellant.
 No. 92-10482.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1993.*
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-91-00137-RMB, Richard M. Bilby, Chief District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before: SNEED, POOLE and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Jose Luis Redondo-Lemus appeals his conviction and subsequent sentencing for conspiracy and possession with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(B)(vii) and 846. The district court sentenced Redondo to ninety-seven months imprisonment for these offenses. We determine that no errors were committed at trial or sentencing, and thus we affirm.
 
 
 3
 Redondo first contests the sufficiency of the evidence to sustain his convictions. There is sufficient evidence to support a conviction if "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). " 'Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy.' " United States v. Lopez, 625 F.2d 889, 895 (9th Cir.1980) (quoting United States v. Dunn, 564 F.2d 348, 357 (9th Cir.1977)).
 
 
 4
 Our review of the evidence in this case indicates it was more than sufficient to convict. We note specifically the evidence that Redondo contacted the informant and asked him to transport 1500 pounds of marijuana from Arivaca to Tucson, Arizona. Appellant took the informant to the location where he would later pick up the marijuana and familiarized him with the area. Redondo later contacted the informant and notified him the drug shipment had been delayed. On several occasions, when the drugs failed to arrive as scheduled, Redondo was responsible for ascertaining the reasons for the delays. Appellant placed a "watchman" to guard the drug site. When the drugs finally arrived, Redondo called the informant and made the final arrangements for the informant and an undercover drug agent to retrieve the seventeen bales of marijuana. After several of the drug conspirators were arrested, appellant went to the informant's house to warn him the ring had been broken.
 
 
 5
 Redondo questions the character of the informant who played a critical role and whose testimony was an important part of the government's case. The credibility and believability of witnesses is a matter solely for the finder of fact. As we have noted on previous occasions, the government must often use informants of questionable character. "It is unrealistic to expect law enforcement officers to ferret out criminals without the help of unsavory characters." United States v. Simpson, 813 F.2d 1462, 1470 (9th Cir.) (finding no governmental impropriety in the use of informant known to be committing unrelated crimes), cert. denied, 484 U.S. 898 (1987); United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988) (finding no "outrageous governmental conduct" in use of informants who had previously engaged in wrongful or illegal activity), cert. denied, 488 U.S. 1016 (1989).
 
 
 6
 Viewed in the light most favorable to the government, the evidence that Redondo possessed with intent to distribute seventeen bales of marijuana and was not only a member of the conspiracy, but was apparently a major participant, was more than sufficient to convict.
 
 
 7
 Redondo also contests the court's three level upward adjustment in his sentence under U.S.S.G. Sec. 3B1.1(b), because of his role as a manager or supervisor of the criminal conspiracy. Appellant failed to object in district court to the presentence report's conclusion he was an organizer or leader in the drug conspiracy. Failure to object to a presentence report waives a defendant's right to appeal that issue. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991). However, we have on occasion reviewed such issues under the "plain error" standard. United States v. Koenig, 952 F.2d 267, 272 (9th Cir.1991). "A plain error is a highly prejudicial error affecting substantial rights." United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992) (quotations omitted).
 
 
 8
 Section 3B1.1(b) allows for a three level upward adjustment in the sentencing offense level if "the defendant was a manager or supervisor ... and the criminal activity involved five or more participants or was otherwise extensive." The district court adopted the findings in the presentence report. The evidence delineated above is sufficient to support the district court's acceptance of the report's recommendations and the court's decision to adjust Redondo's sentence upward for his supervisory role in the marijuana distribution conspiracy. The conspiracy involved at least 6 other individuals, each of whom was convicted for their role in the conspiracy. Testimony at trial indicated various conspirators were directed by Redondo to perform certain functions in the drug operation. Redondo's actions support the district court's conclusion he was responsible for the coordination of numerous individuals and bore overall responsibility for the acquisition and delivery of the 700 pounds of marijuana.
 
 
 9
 The fact that other members of the conspiracy at various times also may have assumed supervisory roles in the operation does not prevent the application of the supervisory enhancement to Redondo's sentence. "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. Sec. 3B1.1, comment. (n.3). The district court did not commit plain error in adjusting Redondo's sentence upward under U.S.S.G. Sec. 3B1.1(b).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3