15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Harold SUTHERLIN, Defendant-Appellant.
 No. 93-10127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 27, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Harold Sutherlin appeals his 87-month sentence imposed after a guilty plea to seven counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Despite a negotiated plea agreement in which Sutherlin waived his right to appeal, he argues that: (1) the government breached the plea agreement by failing to remain silent regarding a specific sentence; (2) the district court engaged in impermissible double counting in computing his criminal history category; and (3) the district court erred by adding criminal history points for a prior sentence because the record failed to establish that Sutherlin actually served a period of imprisonment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 A criminal defendant waives his right to challenge the probation officer's calculation of his sentence if he fails to raise the issue before the district court. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 4
 Here, we assume without deciding that the prosecutor breached the plea agreement, thereby releasing Sutherlin from his promise not to appeal. See United States v. Gonzalez, No. 92-50268, slip op. 11525, 11534-35 (9th Cir. Oct. 12, 1993) (government's breach of plea agreement released defendant from his promise not to appeal his sentence). Nonetheless, Sutherlin concedes that he failed to raise any challenges regarding the computation of his criminal history category before the district court. We therefore deem the arguments waived and decline to address the merits. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3