46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Ortiz SAVOCCHIO, Defendant-Appellant.
 No. 93-50753.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Ortiz Savocchio appeals the district court's order imposing $1,980 restitution following his plea of guilty to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d). Savocchio complains that the record does not support the district court's implied finding that he has the ability to pay restitution. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review for abuse of discretion a restitution order that is within the statutory framework. United States v. Woodley, 9 F.3d 774, 780 (9th Cir.1993). Where, as here, a defendant has failed to raise his claim in the district court, we review for plain error. United States v. Visman, 919 F.2d 1390, 1393-34 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 
 4
 The law does not require the district court to make a specific finding that a criminal defendant is able to pay restitution. United States v. Bachsian, 4 F.3d 796, 800 (9th Cir.1993). It is enough if the record reflects that the district court considered the presentence report in deciding whether to order restitution. Id. Moreover, a sentencing court may impose restitution on a defendant who is indigent at the time of sentencing. Id.
 
 
 5
 Here, the district court's recorded finding that Savocchio did not have the ability to pay the costs of imprisonment and supervision shows that the court considered Savocchio's financial status before ordering restitution. The presentence report shows that Savocchio is uneducated and has a history of drug use and crime. Nothing in it suggests, however, that he cannot work. The district court did not commit plain error by imposing restitution. See Visman, 919 F.2d at 1393-94.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3