95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark ERARDI, Defendant-Appellant.
 No. 95-17330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Erardi appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 Erardi contends that 21 U.S.C. § 841(a)(1) is unconstitutional because Congress lacks the power to regulate intrastate drug activity. We have long held that Congress may constitutionally regulate intrastate drug activity under section 841(a)(1). See United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990);[1] see also United States v. Staples, No. 95-30274, slip op. 7747, 7751-52 (9th Cir. June 28, 1996). Accordingly, we affirm the district court's denial of Erardi's section 2255 motion.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Erardi contends that Visman and our other decisions upholding the constitutionality of section 841(a)(1) improperly disregarded preexisting Supreme Court precedent. As Erardi acknowledges, we are bound by the decisions of prior panels of this court. See United States v. Washington, 872 F.2d 874, 880 (9th Cir.1989)
 
 
 [2]
 Because we affirm the district court's denial of Erardi's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal