**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ted Parker FIX, Defendant—Appellant.**

**No. 99–30235.**
**D.C. No. CR–98–05260–JET.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2000.

Decided Feb. 2, 2001.

Before RYMER, T.G. NELSON, Circuit Judges, and BROWNING, District Judge.[*]

MEMORANDUM [**]

Appellant Ted Parker Fix ("Fix") appeals his convictions on three counts under 18 U.S.C. § 922(v) and one count under 26 U.S.C. § 5861. On appeal, Fix raises seven issues: (1) whether the government proved that the Norinco weapons which were the bases of the convictions in Counts I, III, and IV were prohibited weapons; (2) whether the government proved that the weapon described as a Calico Liberty III in Count V was a firearm rather than a pistol; (3) whether the government proved the required mens rea for a conviction on all counts; (4) whether the performance of

Fix's trial counsel amounted to ineffective assistance of counsel; (5) whether the district court erred in not instructing the jury as to the grandfather clause, the definition of "rifle," and the definition of "any other weapon"; (6) whether the sentencing court erred in increasing Fix's offense level by applying U.S.S.G. §§ 2K2.1(b)(1)(C), 3B1.1, and 3B1.3; and (7) whether the district court erred in denying Fix's motion to dismiss on the ground that 18 U.S.C. § 922(v)(1) is unconstitutionally vague. We affirm the convictions on Counts I, III, and IV, deny relief as to issues 3 through 7, but reverse as to Count V.

## I. Whether the Government Proved that the Norinco SKS Weapons Are Prohibited

Fix argues that the government failed to prove that the grandfather clause does not apply to the Norinco SKS weapons involved in Counts I, III, and IV. This argument must fail because, contrary to Fix's contention, the Norinco weapons in question are not the type described by 18 U.S.C. § 921(a)(30)(A). Section 921(a)(30)(A) applies only to AK type Norinco weapons, which the Norincos involved in Counts I, III, and IV were not. The Norincos do, however, fall under § 921(a)(30)(B), by virtue of their features. Because the weapons were modified by Fix or one of his employees after the effective date of the statute prohibiting such weapons, the weapons cannot be deemed pre-ban weapons. Accordingly, the grandfather provision does not apply to the Norinco weapons involved in Counts I, III, and IV.

Fix argues that even if the Court finds the grandfather clause in § 922(v) does not

[*] The Honorable William D. Browning, Senior United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

apply to the Norincos, the government did not prove essential elements of the offense beyond a reasonable doubt, because it did not demonstrate that the Norinco weapons were rifles within the definition of § 921. This argument fails as well, because there was no dispute at trial as to whether the weapons met the definition, several witnesses testified that they were rifles, and even defense counsel referred to them as rifles.

## II.  Whether the Calico Liberty III Required Registration

■ Fix argues that the government did not prove the Calico Liberty III, found during a search of his home and business, was a weapon that required registration. Fix was convicted under 26 U.S.C. § 5861(d) of possession of an unregistered firearm. In a related provision, "firearm" is defined by a list of eight weapons and a catchall provision of "any other weapon." See 26 U.S.C. § 5845(a). "Any other weapon" includes "any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive," but not "a pistol ... having a rifled bore ..." See 26 U.S.C. § 5845(e). Weapons not included in the definition of firearm in § 5845 need not be registered under § 5861(d). Fix argues that his Calico was a pistol, met the exception in § 5845(e), and did not need to be registered under § 5861.

We agree that the Government failed to prove a violation of § 5861(d) for two reasons.

First, the weapon does not fit the definition required by the statute. The provision defining "pistol" for the purposes of the statute is 27 C.F.R. § 179.11, which defines a pistol as "a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand ...." The government argues that because the Calico was modified to be fired with two hands, it "falls out" of the definition of pistol and falls back into the definition of "any other weapon" in § 5845. This argument ignores the definition's requirement that the weapon be capable of being held with one hand at the time it was *originally* designed and made. As written, this definition does not consider modifications of the weapon by the owner. The Calico was originally designed and made to be fired with one hand, and still could be, despite the addition of a foregrip.

Second, the definition of "any other weapon" in §§ 5845(a) and (e) expressly excludes weapons with a rifled bore. We assume that the "any other weapon" provision was intended as a catch-all category in which to gather sawed-off shotguns and other hybrid weapons. A sawed off shotgun may be concealed like a pistol, but would have the smooth bore of a shotgun. The Government's witness stated that the Calico Liberty III had a rifled bore, and thus, cannot be considered "any other weapon."

Accordingly, the conviction on Count V must be reversed for insufficiency of the evidence.[1]

## III.  Mens Rea

■ Fix argues that the government did not prove the required mens rea for con-

---

1. Were the Court not to reverse Count V on insufficiency of the evidence, reversal would still be required because the jury was improperly instructed. The trial court's Instruction No. 12 modified the requested instruction to say that Fix was charged with possessing a "semi-automatic assault rifle." Additionally, an incomplete definition of "firearm" was given to the jury. Accordingly, the jury could not fully and accurately determine whether the appellant had committed the charged offense.

victions under 18 U.S.C. § 922 and 26 U.S.C. § 5861. In reaching this conclusion, Fix relies on *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), for the proposition that the government must prove that he had knowledge that the particular weapons in his possession and/or sold by him were prohibited by statute. However, this is a misreading of *Staples. Staples* only requires that a defendant be aware of the *features* of the weapon which bring it within the scope of the statute. *See id.* at 619. Because Fix was aware of the features of the Norinco weapons that brought them within the statutes in question, the mens rea requirements were met.

*IV. Ineffective Assistance of Counsel*

Fix argues that the performance of his trial counsel amounts to a violation of his Sixth Amendment right to effective counsel. The government correctly argues that this claim should not be addressed at this time. While the Court is permitted to hear an ineffective assistance claim on direct appeal where the record is sufficiently developed to permit determination of the issue, *see United States v. Davis,* 36 F.3d 1424, 1433 (9th Cir.1994), an ineffective assistance claim in this case would be more properly raised in a motion for collateral relief under 28 U.S.C. § 2255, at which time the District Court could develop a record regarding Fix's representation at the guilt phase of his trial.

*V. Jury Instructions*

■ Fix argues the district court erred in failing to instruct the jury regarding the definition of "rifle." Fix did not request this instruction at trial or object to its omission, and thus this Court reviews only for plain error. *See United States v. Barajas–Montiel,* 185 F.3d 947, 953 (9th Cir. 1999). At trial, Fix did not argue that the

weapon did not fall under the statute as a rifle, and several witnesses testified that the Norinco weapons were rifles. Because the failure to instruct on this issue was not so clear that the judge should have given an instruction on its own, Fix's request for relief on this claim must be denied.

Fix also argues the district court should have instructed the jury about the grandfather provision in 18 U.S.C. § 922(v)(2). However, because the rifles were not modified until after the statutory cut-off date, they do not qualify under the grandfather provision. Thus, the instruction would not have been proper.

*VI. Sentencing Guidelines*

■ Fix contends the district court erred in its application of the United States Sentencing Guidelines. The district court increased Fix's offense level by three points under U.S.S.G. § 2K2.1(b)(1)(C) for an offense involving between eight and twelve firearms, by two points under § 3B1.1(c) for being a leader in the criminal act, and by two points under § 3B1.3 for using a special skill. Fix failed to file a timely objection to the presentence report and declined to object to factual findings in the presentence report at the sentencing hearing. Rule 32(b)(6)(D) of the Federal Rules of Criminal Procedure requires the parties to provide the probation department with any objections to the report within 14 days after receipt of the report. These objections, along with the report, are then submitted to the court by the probation department. Under Rule 32(b)(6)(D), the sentencing court may accept the presentence report as its findings of fact, unless there is some unresolved objection. Fix filed a very untimely sentencing memorandum, and at sentencing Fix failed to comment on or object to the sentencing report, despite being given an opportunity to do so. In the Ninth Cir-

cuit, failure to object to findings in a pre-sentence report constitutes waiver of that challenge on appeal. *See United States v. Visman,* 919 F.2d 1390, 1394 (9th Cir. 1990). Accordingly, Fix's arguments regarding the sentencing guidelines must fail.

### VII. *Vagueness of 18 U.S.C. § 922(v)*

 Finally, Fix argues that § 922(v) is unconstitutionally vague and thus that his convictions on Counts I, III, and IV should be overturned. There is no merit to this claim. Fix seriously misconstrues both the government's argument and the apparent basis for the result in the district court. The government did not argue that Fix himself had to possess the weapon prior to enactment of the statute, but only that *someone* must have lawfully possessed it. In fact, § 922 is not at all amenable to Fix's "personally possessed" interpretation. Sections 922(v)(1) and 922(v)(2), read together, require that the statute mean that the weapon was possessed by someone at the time of enactment, since § 922(v)(2) makes future possession or transfer of the weapon lawful where the weapon was lawfully possessed prior to enactment of the statute. The § 922(v)(2) exception would make no sense if the weapon had to be possessed by *the defendant* at the time of enactment, because it would render the transfer provision essentially ineffective.

AFFIRMED as to Counts I, III, and IV; REVERSED as to Count V; and REMANDED for resentencing.