**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Victor M. BARAJAS, Defendant—**
**Appellant.**

No. 00–50397.
D.C. No. CR–99–00849–LGB–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided May 6, 2002.

Before PREGERSON, LEAVY and
TROTT, Circuit Judges.

MEMORANDUM *

Victor Barajas ("Barajas") appeals his
jury conviction and sentence for conspiracy
to distribute, distribution of, and posses-
sion with intent to distribute methamphet-
amine in violation of 21 U.S.C. §§ 846 and
841(a)(1). We have jurisdiction pursuant
to 28 U.S.C. § 1291 and we affirm.

The facts are familiar to the parties and
will be restated only as necessary to re-
solve the legal issues of the appeal.

■ Barajas argues that the base of-
fense level of 34, calculated pursuant to
U.S.S.G. § 2D1.1 (1998), was incorrect be-
cause the district court improperly fac-
tored in four undelivered pounds of meth-
amphetamine. Because Barajas made no
objections at sentencing, he forfeited this

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

claim on appeal. *See United States v. Visman,* 919 F.2d 1390, 1393–94 (9th Cir. 1990).

■ Barajas argues that the district court erred in failing to make specific findings regarding Barajas' capability of delivering the four additional pounds. However, because Barajas did not raise this issue before the district court, this matter was not controverted, and the district court was not required to make factual findings. Fed. R.Crim. Proc. 32(c)(1); *United States v. Maldonado,* 215 F.3d 1046, 1049–50 (9th Cir.2000).

■ Barajas claims that the evidence was insufficient to support a finding of possession regarding the methamphetamine found the day after his arrest in a nearby parking lot. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Here, we conclude that the evidence was sufficient to prove that Barajas had this methamphetamine in a box in his truck just before his arrest. The undercover officer testified that he saw two packages in this box. There was testimony that the package of methamphetamine which was recovered the next day near Barajas' escape route was identical in approximate weight, purity, inner packaging, and outer wrapping to the package which was actually supplied by Barajas the day before. *See United States v. Lopes–Montes,* 165 F.3d 730, 732 (9th Cir.1999).

The judgment of the district court is AFFIRMED.