UNITED STATES of America,
Plaintiff-Appellee,

v.

Roberto RODRIQUEZ–CAMACHO,
Defendant-Appellant.

No. 72–1849.

United States Court of Appeals,
Ninth Circuit.

Oct. 31, 1972.

Philip N. Andreen (argued), San Diego, Cal., for appellant.

Douglas G. Hendricks, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and JAMESON, District Judge.*

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

HAMLIN, Circuit Judge:

Appellant pleaded guilty in the United States District Court for the Southern District of California to one count of possession of a controlled substance (99 pounds of marijuana) with intent to distribute, in violation of 21 U.S.C. § 841 (a)(1).[1]

On appeal he contends (1) that the words "intent to distribute" are inadequately defined, rendering the statute unconstitutionally vague, and (2) that the statute fails to state an offense against the United States. We affirm.

"Distribute" is defined by 21 U.S.C. § 802(11):

"The term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance."

"Deliver" is defined by 21 U.S.C. § 802(8):

"The terms 'deliver' or 'delivery' mean the actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship."

■ We conclude that § 841(a)(1) and the corresponding definitions create a "sufficiently definite warning," Unit-ed States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 91 L.Ed. 1877 (1946), that possession with intent to deliver or transfer a controlled substance, either interstate or intrastate, constitutes a federal offense,[2] and therefore is not unconstitutionally vague.

Appellant's second contention that "the statute fails to state an offense against the United States," is likewise without merit.

■ Appellant urges that Congress may not constitutionally regulate the intrastate distribution of controlled substances. We disagree. Congress may regulate not only interstate commerce but also those wholly intrastate activities which it concludes have an effect upon interstate commerce. Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971); Deyo v. United States, 396 F.2d 595 (9th Cir. 1968).[3]

Marijuana is listed among the controlled substances in the challenged statute,[4] and Congress has made specific findings as to the effect of intrastate activities in controlled substances on interstate commerce.[5] "This court will

1. § 841. Prohibited acts A—Unlawful acts
(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; . . .

2. California's similar, non-conflicting law, Cal. Health and Safety Code § 11530.5, does not present pre-emption problems. California v. Zook, 336 U.S. 725, 69 S.Ct. 841, 93 L.Ed. 1005 (1949).

3. Appellant's reliance on United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed. 2d 488 (1972), is inapposite. *Bass* merely concluded that the particular language of 18 U.S.C. § 1202(a)(1), prohibiting the possession of firearms by convicted felons, required a showing that such possession affected interstate commerce.

4. 21 U.S.C. § 812(c), Schedule I(c)(10).

5. § 801. Congressional findings and declarations
The Congress makes the following findings and declarations:
(1) . . . .
(2) . . . .
(3) A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce because—
(A) after manufacture, many controlled substances are transported in interstate commerce,
(B) controlled substances distributed locally usually have been transported in interstate commerce immediately before their distribution, and
(C) controlled substances possessed commonly flow through interstate commerce immediately prior to such possession.

certainly not substitute its judgment for that of Congress in such a matter unless the relation of the subject to interstate commerce and its effect upon it are clearly nonexistent." Stafford v. Wallace, 258 U.S. 495, 521, 42 S.Ct. 397, 403, 66 L.Ed. 735 (1922). Such is not the case as regards controlled substances.

█ Congress has concluded that " . . . controlled substances have a substantial and detrimental effect on the health and general welfare of the American people." [6] Appellant urges that this assertion is inapplicable to marijuana. This is a matter, however, whose ultimate resolution lies in the legislature and not in the courts. It is sufficient that Congress had a rational basis for making its findings.

█ Furthermore, the United States is a party to the Single Convention on Narcotic Drugs,[7] binding, *inter alia,* all signatories to control persons and enterprises engaged in the manufacture, trade and distribution of specified drugs.[8] Marijuana (cannabis) is so specified.[9] Enactment of § 841(a)(1) is a permissible method by which Congress may effectuate the American obligation under that treaty. Missouri v. Holland, 252 U.S. 416, 40 S.Ct. 382, 64 L.Ed. 641 (1920).

This particular statute has been upheld by two other circuits. United States v. Lopez, 459 F.2d 949 (5th Cir. 1972) and United States v. Scales, 464 F.2d 371 (6th Cir. 1972). See also United States v. Rodriguez, 438 F.2d 1164 (9th Cir.

1971) and White v. United States, 399 F.2d 813 (8th Cir. 1968).

We likewise uphold it. Judgment affirmed.

(4) Local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances.

(5) Controlled substances manufactured and distributed intrastate cannot be differentiated from controlled substances manufactured and distributed interstate. Thus, it is not feasible to distinguish, in terms of controls, between controlled substances manufactured and distributed interstate and controlled substances manufactured and distributed intrastate.

(6) Federal control of the intrastate incidents of the traffic in controlled

substances is essential to the effective control of the interstate incidents of such traffic.

(7) . . . .

6. 21 U.S.C. § 801(2).

7. Single Convention on Narcotic Drugs (1967), 18 U.S.T. 1407, T.I.A.S. No. 6298, New York, March 30, 1961, ratified by the United States, 1967.

8. *Id.,* Articles 29 and 30.

9. *Id.,* Schedule IV. *See also* Article 28, providing for "Control of cannabis."