UNITED STATES of America, Appellee,

v.

**Roberto MONTES–ZARATE, Appellant.**

**No. 76–3354.**

United States Court of Appeals,
Ninth Circuit.

April 29, 1977.

Rehearing and Rehearing En Banc
Denied June 28, 1977.

Ross Anderson, argued, Jones, Hunter & Lerch, Phoenix, Ariz., for appellant.

Michael D. Hawkins, U. S. Atty., W. Ronald Jennings, Asst. U. S. Atty., argued, Phoenix, Ariz., for appellee.

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant was convicted of possession of marijuana with intent to distribute. The marijuana was found in the trunk of the automobile that he was driving. On appeal he contends: (1) his incriminating statements should have been suppressed pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); (2) the government subjected him to unnecessary and unreasonable delay in bringing him before a judicial officer; and (3) the district court did not have jurisdiction over the subject matter of Count IV of the indictment.

■ Appellant and the officers testified about the warnings given and how he understood them. The testimony was in conflict. On the motion to suppress his statement, the government's evidence included a written statement of the rights of an accused, printed in the Spanish language, and signed by the appellant. The officers also described the way they advised the appellant of his rights. The judge had the right to believe the government's evidence. When all the evidence is considered together, we cannot say the trier's finding of adequate warning was "clearly erroneous."

■ On the point of the alleged violation of Fed.R.Crim.P. 5(a), the government would have to explain the four-day delay in taking the appellant before a magistrate had there been any prejudice to his defense. But the only incriminating statement made by the appellant was given within an hour after his arrest. The period from Friday night, June 25, to Tuesday morning, June 29, 1976, while the appellant was in custody thus had no prejudicial effect upon the defendant and did not offend *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), and *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

■ Appellant claims that the district court did not have jurisdiction over the fourth count of the indictment because no interstate nexus was established. It is unclear whether the appellant is challenging the constitutionality of 21 U.S.C. § 841(a), or whether the appellant is contending that proof of an interstate nexus is required in order to establish jurisdiction of the subject matter. In either event, the contention fails. We agree with the other circuits that have considered the problem that the statute is constitutional and that no proof of interstate nexus is required in order to establish jurisdiction. We adopt the reasoning of the Fourth Circuit in *United States v. Atkinson*, 513 F.2d 38, 39–40 (1975):

"Initially the defendant suggests the unconstitutionality of the Act in its application here. The point is that no Federal authority existed for the punishment of a wholly intrastate possession and distribution. The position is not tenable. Congressional findings on which the legislation rested disclosed that intrastate possession, distribution and sale of drugs such as heroin directly and injuriously effected the introduction of them into other States to the injury of the public health and welfare there. 21 U.S.C. §§ 801, 812. Thus the statutory definition and proscription of transactions of 'controlled substances', 21 U.S.C. § 812(b), entirely within a State is altogether constitutional. *United States v. Lopez*, 459 F.2d 949 (5th Cir. 1972). Cf. *White v. United States*, 399 F.2d 813 (8th Cir. 1968)."

*Accord: United States v. Esposito*, 492 F.2d 6 (7th Cir. 1973), *cert. denied*, 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 760 (1974); *United States v. Scales*, 464 F.2d 371 (6th Cir. 1972).

Affirmed.