978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ALL BENEFICIAL INTEREST IN THAT CERTAIN INSTALLMENT NOTE
DATED JANUARY 12, 1987, IN the PRINCIPAL AMOUNT OF
$92,500, Defendant,
Michael L. Montalvo, Claimant-Appellant,
 
 No. 91-16427.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 10, 1992.
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Montalvo appeals pro se the district court's grant of summary judgment in favor of the United States in a civil in rem forfeiture action against two promissory notes traced to real property purchased with proceeds from drug transactions. Montalvo challenges the judgment on the grounds that the district court lacked subject matter jurisdiction and that this civil forfeiture action is prohibited by the Double Jeopardy Clause. We affirm.
 
 I.
 
 3
 Montalvo is currently serving a life sentence following a 1989 conviction for the operation of a continuing criminal enterprise to sell cocaine in violation of 18 U.S.C. § 848. After the conviction, the United States filed a civil forfeiture action against Montalvo's Mayfair Apartments, alleging that they had been purchased with illegal drug proceeds. Upon learning that the apartments were sold by Montalvo to a bona fide purchaser unconnected with the drug operation, the United States dismissed the action against the Mayfair Apartments and instituted forfeiture proceedings against two promissory notes totalling $127,500 that were used to finance the purchase of the apartments.
 
 
 4
 In October 1990, Montalvo filed a motion for summary judgment, and the United States filed a cross motion for summary judgment. Noting its jurisdiction under 28 U.S.C. §§ 1345 and 1355, the district court found that the United States had established probable cause to believe that the two promissory notes were assets purchased with profits from illegal drug transactions. The promissory notes were therefore held forfeitable under 21 U.S.C. § 881(a)(6). On appeal, Montalvo contests the district court's jurisdiction and the propriety of a civil forfeiture action subsequent to a related criminal conviction.
 
 II.
 A. Subject Matter Jurisdiction
 
 5
 We review the existence of subject matter jurisdiction de novo. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). The constitutionality of a statute is also reviewed de novo. Federal Trade Comm'n v. American Nat'l Cellular, Inc., 810 F.2d 1511, 1513 (9th Cir.1987).
 
 
 6
 The crux of Montalvo's claim is that there is no basis for federal jurisdiction because the federal drug laws generally and the forfeiture statutes in particular are an illegitimate exercise of federal police power in violation of the Tenth Amendment. There is no merit to this argument. We have previously upheld the constitutionality of the national drug laws, asserting that "[w]e have no doubt that Congress has the power to regulate drugs under the Interstate Commerce clause." United States v. Rosenberg, 515 F.2d 190, 198 (9th Cir.1975).
 
 
 7
 Moreover, contrary to Montalvo's contentions, federal jurisdiction of drug cases does not require proof of an interstate nexus. It is well established that "Congress may regulate not only interstate commerce but also those wholly intrastate activities which it concludes have an affect upon interstate commerce." United States v. Rodriguez-Camacho, 468 F.2d 1220, 1221 (9th Cir.1972) (citing Perez v. United States, 402 U.S. 146 (1972)). In view of Congress' conclusion that "[f]ederal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic," 21 U.S.C. § 801(6), jurisdiction over this forfeiture action is not defeated by the absence of an interstate nexus. See United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991); United States v. Montes-Zarate, 552 F.2d 1330, 1331 (9th Cir.1977); United States v. Rodriguez-Camacho, 468 F.2d 1220, 1221 (9th Cir.1972).
 
 
 8
 Montalvo is also incorrect in his assertion that the existence of similar state drug laws undermines federal jurisdiction. In 21 U.S.C. § 903, Congress expressly stated its intent that federal and state drug regulations coexist. Drug laws may be enforced concurrently by both the federal and the state governments without offending the Constitution.[1]
 
 B. Double Jeopardy
 
 9
 Relying on United States v. Halper, 490 U.S. 435 (1989), Montalvo argues that a civil forfeiture proceeding under 21 U.S.C. § 881(a)(6) is barred by the Double Jeopardy Clause of the Fifth Amendment. In Halper, the Supreme Court held that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil penalty to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." Id. at 448-49. But, by its own terms, Halper was a "rare case" where a "fixed-penalty provision" subjected an offender "to a sanction overwhelmingly disproportionate to the damages he has caused." Id. at 449. We recently held that because "there is no necessary relation between the value of the property forfeited and the loss to the government" in the context of civil forfeiture proceedings, Halper 's limited holding is inapplicable. See United States v. McCaslin, 959 F.2d 787, 788 (9th Cir.1992). Furthermore, Halper did not purport to overrule previous cases which have specifically found that for purposes of the Double Jeopardy Clause, civil forfeiture actions are civil and remedial sanctions rather than criminal and punitive. See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 364 (1984); One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 235-36 (1972); United States v. One 1985 Mercedes, 917 F.2d 415, 419 (9th Cir.1990).
 
 
 10
 The judgment of the district court is therefore
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The remainder of Montalvo's arguments are also unavailing. They are not discussed separately because they are frivolous and unworthy of discussion