961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernie R. SANDERS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15191.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernie R. Sanders, a federal prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. Sanders was convicted following entry of a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Sanders' petition raises three main challenges to his sentence: (1) Congress was without constitutional authority to enact 21 U.S.C. § 846, and the underlying substantive offense statute 21 U.S.C. § 841(a)(1), because purely intrastate illegal transactions involving controlled substances do not affect interstate commerce; (2) the government failed to prove as an element of the crime a nexus between the controlled substance offense and interstate commerce in his particular case; and (3) authority to schedule controlled substances under 21 U.S.C. § 811 was not properly delegated to the Attorney General.
 
 
 4
 We have previously considered and rejected each of these arguments regarding the constitutionality of federal regulation of controlled substance offenses. See, e.g., United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990) (Congress may regulate purely intrastate controlled substance offenses because it has determined that "intrastate drug activity affects interstate commerce"; 21 U.S.C. § 841(a) " 'is constitutional and [] no proof of an interstate nexus is required in order to establish jurisdiction of the subject matter' " (quoting United States v. Montes-Zarate, 552 F.2d 1330, 1331 (9th Cir.1977)), cert. denied, 112 S.Ct. 442 (1991); United States v. Davis, 564 F.2d 840, 843-44 (9th Cir.1977) (delegation of scheduling power to Attorney General was constitutionally valid), cert. denied, 434 U.S. 1015 (1978). Accordingly, the district court did not err by denying Sanders relief on any of these bases.
 
 
 5
 In light of this holding, we also reject Sanders' contentions of error based on claimed violations of the Tenth Amendment, the ex post facto clause, and prohibition against bills of attainder, because each of these arguments is based on the premise that the relevant controlled substance offense criminal statutes are unconstitutional.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3