972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. ROBERTS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16507.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 20, 1992.
 
 MEMORANDUM**
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 William A. Roberts, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction. Roberts contends the district court improperly construed his post-conviction "Motion to Dismiss Defective Indictment Pursuant to Fed.Rule of Crim.Proc. 12(B)(2)" as a section 2255 motion and therefore denied it on an improper basis. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 2
 Section 2255 "has long been available to attack convictions and sentences entered by a court without jurisdiction." United States v. Addonizio, 442 U.S. 178, 185 (1979); see also United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (Fed.R.Crim.P. 35 motion to correct sentence properly construed as section 2255 motion where challenge is to court's jurisdiction). Accordingly, the district court did not err by construing Roberts' Fed.R.Crim.P. 12 motion as a section 2255 motion.
 
 
 3
 To the extent that Roberts also challenges the district court's denial of the merits of his section 2255 motion, we find this argument unavailing. We have previously considered and rejected each of Roberts' arguments regarding the constitutionality of federal regulation of controlled substance offenses. See, e.g., United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990) (Congress may regulate purely intrastate controlled substance offenses because it has determined that "intrastate drug activity affects interstate commerce"; 21 U.S.C. § 841(a) " 'is constitutional and [ ] no proof of an interstate nexus is required in order to establish jurisdiction of the subject matter' " (quoting United States v. Montes-Zarate, 552 F.2d 1330, 1331 (9th Cir.1977)), cert. denied, 112 S.Ct. 442 (1991); United States v. Davis, 564 F.2d 840, 843-44 (9th Cir.1977) (delegation of scheduling power to Attorney General was constitutionally valid), cert. denied, 434 U.S. 1015 (1978). Therefore, the district court did not err by denying Roberts relief on any of these bases.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3