**UNITED STATES of America, Plaintiff,**

v.

**Oscar GONZALEZ, Defendant.**

Crim.No. 95–0337–R.

United States District Court,
S.D. California.

July 24, 1995.

Sandra G. Moses, Asst. U.S. Atty., San Diego, CA, for the U.S.

Robert L. Swain, Swain & Vance, San Diego, CA, for defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

RHOADES, District Judge.

This matter comes before the Court on Defendant Oscar Gonzalez' motion to dismiss his indictment. The indictment charges Gonzalez with distributing a total of approximately 45.44 kilograms of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Defendant contends, in view of the Supreme Court's recent decision *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), that § 841(a) exceeds the scope of Congress' power to legislate. For the reasons stated below, Defendant's motion is DENIED.

### I. Discussion

Title 21, United States Code, Section 841(a)(1), provides in relevant part as follows:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....

21 U.S.C. § 841(a)(1) (1981). Gonzalez recognizes that the statute does not require an express nexus with interstate commerce. Since manufacturing even a small amount for personal use or for distribution "between friends" is unlawful, Gonzalez argues, Congress exceeded its legislative authority by enacting § 841(a)(1). Gonzalez, however, ignores the law of this circuit and Congressional findings of a substantial relationship between the intrastate distribution of controlled substances and interstate commerce.

In *United States v. Visman,* 919 F.2d 1390 (9th Cir.1990), the Ninth Circuit expressly affirmed that "Congress may constitutionally regulate intrastate drug activity under 21 U.S.C. § 841(a)(1)." *Id.* at 1393 (citing *United States v. Montes–Zarate,* 552 F.2d 1330 (9th Cir.1977) and *United States v. Rodriquez–Camacho,* 468 F.2d 1220 (9th Cir. 1972)). Affirming Congress' power under the Commerce Clause to regulate possession and distribution of narcotics, the Ninth Circuit relied upon the clear Congressional findings and declarations that the activity proscribed by § 841 has a substantial impact on interstate commerce.

In § 801, Congress specifically found that a nexus exists between [controlled substances] and interstate commerce. Con-

gress concluded that controlled substances have a "detrimental effect on the health and general welfare of the American people." 21 U.S.C. § 801(2). Congress also found that "local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances." 21 U.S.C. § 801(4). Congress also found that "[f]ederal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic." 21 U.S.C. § 801(6). *Visman,* 919 F.2d at 1392.

■ The Ninth Circuit further stated that "[t]his court will certainly not substitute its judgment for that of Congress in such a matter unless the relation of the subject to interstate commerce and its effect upon it are clearly nonexistent." *Id.* at 1393 (quoting *Rodriquez–Camacho,* 468 F.2d at 1221); *see also Minor v. United States,* 396 U.S. 87, 98 n. 13, 90 S.Ct. 284, 289 n. 13, 24 L.Ed.2d 283 (1969) ("[A] flat ban on certain [narcotic drug] sales ... is sustainable under" the Commerce Clause.). This Court agrees with the Congressional findings and is bound to follow Ninth Circuit authority holding that 21 U.S.C. § 841(a)(1) is constitutional in light of the fact that distribution of controlled substances has a substantial effect on interstate commerce.

■ Gonzalez' argument that § 841(a)(1) is unconstitutional implicitly asserts that this Court is no longer bound by Ninth Circuit precedent—*Visman, Montes–Zarate,* and *Rodriquez–Camacho*—in view of the Supreme Court's recent decision in *Lopez.* For a Supreme Court decision to overrule a Ninth Circuit precedent, however, it must both undermine the Ninth Circuit decision and be "closely on point." *Branch v. Tunnell,* 14 F.3d 449, 456 (9th Cir.1994). *Lopez* neither undermines nor is closely on point with relevant Ninth Circuit authority.

In *Lopez,* the Supreme Court held that Congress exceeded its legislative authority under the Commerce Clause when it made it a federal crime for a person to possess a firearm within 1000 feet of a school. *See* 18 U.S.C. § 922(q). Following a historic review of Commerce Clause decisions, the Court recognized three categories in which Congress may legislate under its Commerce Clause authority:

First, Congress may regulate the use of the channels of interstate commerce. Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities. Finally, Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce, *i.e.,* those activities that substantially affect interstate commerce.

*Lopez,* —— U.S. at —— – ——, 115 S.Ct. at 1629–30 (citations omitted).

The Court concluded that if 18 U.S.C. § 922(q) was to be sustained, it must be under the third category as a regulation of activity that substantially affects interstate commerce. In the absence of Congressional findings,[1] the Court held that "[t]he possession of a gun in a local school zone is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce." *Id.* at ——, 115 S.Ct. at 1634. In contrast to possession of a gun in a school zone, the "manufacture, local distribution, and possession" of controlled substances, as Congress clearly found, "have a substantial and direct effect upon interstate commerce." 21 U.S.C. § 801(3).

In *United States v. Garcia–Salazar,* 891 F.Supp. 568 (D.Kan.1995), the court recently upheld the constitutionality of 21 U.S.C. § 860. Section 860 is essentially a sentence enhancement statute which applies to "[a]ny person who violates section 841(a)(1) ... in or on, or within one thousand feet of" a school. 21 U.S.C. § 860 (Supp.1995). De-

---

1. The Court acknowledged that Congress is not required to make formal findings as to the substantial burdens that an activity has on interstate commerce. Nonetheless, congressional findings enable a court to "evaluate the legislative judg-ment that the activity in question substantially affected interstate commerce...." *Lopez,* —— U.S. at ——, 115 S.Ct. at 1632. With regard to 18 U.S.C. § 922(q), no congressional findings existed.

tecting no congressional findings, the court distinguished *Lopez* as follows: "[d]rug trafficking is inherently commercial in nature; firearm possession is not." *Garcia–Salazar,* 891 F.Supp. at 572. The court rejected the defendant's Commerce Clause challenge to § 860 by relying on Ninth Circuit precedent which rejected similar challenges. *See United States v. McDougherty,* 920 F.2d 569, 572 (9th Cir.1990) ("It would be highly illogical to believe that such trafficking somehow ceases to affect commerce when carried out within 1000 feet of a school."), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991); *United States v. Thornton,* 901 F.2d 738, 741 (9th Cir.1990) ("Congress has stated and we have confirmed that drug trafficking is a national concern which affects interstate commerce. This is true wherever it occurs, whether it be on or near a schoolyard or elsewhere."). The court in *Garcia–Salazar* held that "the *Lopez* decision does not disturb the holding and rationale of the *Thornton* and *McDougherty* decisions with which this court agrees." 891 F.Supp. at 572.

After a careful reading of the Supreme Court's decision in *Lopez,* this Court likewise concludes that *Lopez* does not undermine the holding and rationale of the Ninth Circuit's ruling in *United States v. Visman,* 919 F.2d 1390 (9th Cir.1990), which this Court is bound to follow. *Cf. United States v. Oliver,* 60 F.3d 547, 550 (9th Cir.1995) (affirming Ninth Circuit precedent that Congress did not exceed its power under the Commerce Clause in enacting the federal carjacking statute; "The Supreme Court's recent decision in [*Lopez* ] does not alter our view."). Accordingly, under Ninth Circuit precedent, this Court finds 21 U.S.C. § 841(a)(1) to be a constitutional exercise of congressional authority under the Commerce Clause.

## II. Conclusion

For the reasons stated above, Defendant Oscar Gonzalez' motion to dismiss his indictment is DENIED.

IT IS SO ORDERED.