USA v. Castro                          CR-95-002-M    10/12/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


United States of America,
        Plaintiff,

        v.                              Criminal No. 95-2-1, 2, 3-M

Noel Castro, Kelvin Franco,
and Allen Randall,
        Defendants.


O R D E R


Defendant, Noel Castro, is charged with possession with intent to distribute cocaine base ("crack") and conspiracy to possess with intent to distribute crack in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Both sections 841(a)(1) and 846 are part of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (the "Drug Act").  Castro moves to dismiss the indictment, Fed. R. Crim. P. 12(b)(2), on grounds that sections 841(a)(1) and 846 are unconstitutional both facially and as applied to him.


I.    DISCUSSION

Castro argues that in enacting the Drug Act Congress exceeded its authority under the Commerce Clause of the United States Constitution.  Castro contends that the provisions of the Act under which he is charged regulate intrastate drug activities that do not substantially affect interstate commerce.  As such, the provisions violate the Commerce Clause test recently articulated by the Supreme Court in United States v. Lopez, 115

S. Ct. 1624, 1630 (1995) (holding that a federal statute falls within the scope of Congress' authority under the Commerce Clause if it regulates activity that "substantially affects" interstate commerce).

Courts have uniformly rejected Commerce Clause challenges to the Drug Act since Lopez. See, e.g., United States v. Leshuk, 1995 WL 550463 (4th Cir., Sept. 18, 1995); United States v. Gonzolez, 893 F. Supp. 935 (S.D. Cal. 1995); United States v. Bramble, 1995 WL 447273 (D. Haw., July 21, 1995). In passing the Drug Act, Congress made detailed findings that intrastate possession and distribution of controlled substances, as a class of activities, "have a substantial and direct effect upon interstate commerce." 21 U.S.C. § 801(3). Courts have relied on these findings in concluding that Congress may regulate intrastate drug activities consistent with the limits imposed by the Commerce Clause. See Leshuk, 1995 WL 550463 at *7-8. The Drug Act is, on its face, constitutional.

In addition, sections 841(a)(1) and 846 of the Drug Act are constitutional as applied to Castro. In Lopez, the Supreme Court reaffirmed that "where a general regulatory statute bears a substantial relation to commerce, the de minimis character of individual instances arising under that statute is of no consequence." Lopez, 115 S. Ct. at 1629 (quoting Maryland v. Wirtz, 392 U.S. 183, 197 n.27 (1968)). Accordingly, Castro's motion to dismiss is denied.

2

## II.  CONCLUSION

For the reasons stated above, 21 U.S.C. §§ 841(a)(1) and 846 do not violate the Commerce Clause, either facially or as applied to Castro.  Accordingly, Castro's motion to dismiss (document no. 123) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 12, 1995

cc:  United States Attorney
     United States Marshal
     United States Probation
     Bjorn R. Lange, Esq.
     Michael M. Burke, Esq.
     Marc A. Chretien, Esq.