UNITED STATES of America, Plaintiff,

v.

Daniel Ortiz **MEDINA**, et al., Defendants.

Crim. No. 95–042(DRD).

United States District Court,
D. Puerto Rico.

Oct. 16, 1995.

Luis R. Rivera–Rodriguez, Rachel Brill, Hato Rey, PR, for Daniel J. Ortiz–Medina aka Flattop aka Jesus A. Ruiz–Adorno.

Miriam R. Ramos–Grateroles, Bayamon, PR, for Ramon Batista–Olivo aka Junito Serpa.

Thomas R. Lincoln–San–Juan, San Juan, PR, Graham Albert Castillo–Pagan, Hato Rey, PR, for Angel Francisco Ruiz–Adorno aka Raton aka Pepe aka Francisco Ruiz–Adorno.

Olga M. Shepard–de–Mari, Hato Rey, PR, for Edwin Sanchez–Cruz aka Chispa aka Chapulin.

Benito I. Rodriguez–Masso, Hato Rey, PR, for Pedro Hornedo–Colon aka Tato aka Pedro Olnedo–Colon.

Teodoro Mendez–Lebron, Santurce, PR, for Ramon Vega–Leonard aka Moncho.

Jose R. Gaztambide–Aneses, Hato Rey, PR, for Juan Santiago–Collazo aka Tony.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Defendants, Ramón Batista Olivo and Ramón Vega Leonard, challenge the jurisdiction of this Court over various statutes, 18 U.S.C. § 924(c)(1) and (2); 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

Defendants aver that as was the case in *United States v. López,* — U.S. —, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), there is no nexus to interstate commerce in the challenged statutes. The Court disagrees.

The first challenged statute is 18 U.S.C. § 924(c)(1), a sentencing enhancement for persons who may have committed a crime of violence or drug trafficking crime with a firearm. 18 U.S.C. § 924(2) defines "drug trafficking crime" to include felonies under the Controlled Substances Act, 21 U.S.C. § 801 et seq.; The Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., or the Maritime Drug Law Enforcement Act, 46 U.S.C.App. § 1901 et seq. The second challenged statute is 18 U.S.C. § 922(g)(1) which makes a crime that a person convicted of prior crime in any court punishable by imprisonment of one year to ship or transport in interstate commerce, or possesses in or affecting commerce firearms or munitions. The third challenged statute is 18 U.S.C. § 924(a)(2) which is a sentence enhancement for persons that may have vio-

lated section (a)(6), (d), (g), (h), (*l*), (j) or (*o*) of section 922 of the Act.

In *López,* supra, the Supreme Court revisited the three categories of activities that Congress may regulate under the Commerce Clause. "First, Congress may regulate the use of the channels of interstate commerce", *López,* — U.S. at —, 115 S.Ct. at 1629. "Second Congress is empowered to regulate and protect the instrumentalities of interstate commerce, even though the threat may come from only interstate activities", *López, id.* And, "lastly Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce." *López, id.* Under this last category Congress can regulate activity that "substantially affects interstate commerce", *López, id.,* — U.S. at —, 115 S.Ct. at 1630.

■ 18 U.S.C. § 922(g)(1) is a statute that requires evidence of shipping or transporting in interstate commerce of a weapon or possession in or affecting commerce by a person who has committed a crime punishable by imprisonment of one year. There is no doubt that this particular statute (18 U.S.C. § 922(g)(1)) falls in the last category since an element of shipping "in interstate or foreign commerce" of the firearm is required or possession of a firearm "in or affecting commerce" is required. These elements comply with the authorized category of "substantially affects interstate commerce" set forth in the case of *U.S. v. López,* supra.

The Court deems premature at this time to rule if the accused possessed a firearm "in or affecting commerce" or the firearm being shipped "or in interstate commerce." The evidence provided at trial will determine compliance under these interstate elements.

■ As to the sentencing enhancements under 18 U.S.C. § 924(c)(1) and (2), applicable to person committing a drug trafficking crime [1] with a weapon, there is no serious debate that Congress has authority to regulate drugs and narcotics under the Commerce Clause. The regulation of drugs has been traditionally held an activity that "substantially affects interstate commerce." *Minor v. U.S.,* 396 U.S. 87, 98 n. 13, 90 S.Ct.

---

1. The weapons' violations are alleged to have

been committed in a drug related crimes.

284, 289 n. 13, 24 L.Ed.2d 283 (1969) ("a flat ban on certain [narcotic drug] sales ... is sustainable under "the commerce clause." *Reina v. United States*, 364 U.S. 507, 511, 81 S.Ct. 260, 263, 5 L.Ed.2d 249 (1960) (Congress has "undoubtedly power to enact narcotics' laws."); *United States v. Walsh*, 331 U.S. 432, 434, 67 S.Ct. 1283, 1284, 91 L.Ed. 1585 (1947) ("the Federal Food, Drug, and Cosmetic Act [of 1938] rests upon the constitutional power resident in Congress to regulate Commerce."); *Yee Hem v. United States*, 268 U.S. 178, 183, 45 S.Ct. 470, 471, 69 L.Ed. 904 (1925) ("The authority of Congress to prohibit the importation of opium in any form ... to make its concealment with knowledge of its unlawful importation a criminal offense is not open to doubt."); *McDermott v. Wisconsin*, 228 U.S. 115, 128, 33 S.Ct. 431, 433, 57 L.Ed. 754 (1913) ("No longer open to question" that Congress has full and ample power to regulate food and drugs.)

The Court further notes that Congress when enacting the Comprehensive Drug Abuse Prevention and Control Act of 1970 found drug trafficking, whether interstate or intrastate in character to substantially affect interstate commerce.[2]

Further, Federal Appellate Courts have uniformly held that no interstate nexus is required in violations of possession, distribution and/or sale of controlled substances under the Comprehensive Drug Abuse Prevention Criminal Act of 1970, *United States v. Montes–Zarate*, 552 F.2d 1330, 1331 (9th Cir. 1977) cert. denied 435 U.S. 947, 98 S.Ct.

1532, 55 L.Ed.2d 545 (1978); *United States v. Atkinson*, 513 F.2d 38, 39–40 (4th Cir.1975); *United States v. López*, 459 F.2d 949 (5th Cir.1972). See also *White v. United States*, 399 F.2d 813 (8th Cir.1968); *United States v. Esposito*, 492 F.2d 6 (7th Cir.1973) cert. denied 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 760; *United States v. Scales*, 464 F.2d 371 (6th Cir.1972).

Finally since there is no serious debate that Congress can regulate drug trafficking because said activity "affects interstate commerce", *U.S. v. McDougherty*, 920 F.2d 569 (9th Cir.1960) cert. denied 499 U.S. 911, 111 S.Ct. 1119, 113 L.Ed.2d 227, the Court deems highly illogical to conclude that such trafficking somehow ceases to affect commerce when committed with the use of a firearm. The Ninth Circuit came to a similar analogous conclusion in the case of *U.S. v. McDougherty*, supra:

> "It would be highly illogical to believe that such trafficking somehow ceases to affect commerce when carried out within 1,000 feet of a school (citations omitted). There is no legal reason why Congress cannot choose to punish some behavior affecting commerce more harshly than other behavior based upon its detriment to society." *McDougherty*, supra p. 572. (Emphasis ours)

The Court, therefore, concludes no nexus to interstate commerce is required for a drug trafficking violation since said nexus has been previously determined by Supreme

---

2. In *U.S. v. Raúal García–Salazar*, 891 F.Supp. 568, 571, n. 4 (D. Kansas 1995), the Court made the following conclusions as to interstate commerce and the Comprehensive Drug Abuse Preventions and Control Act of 1970:

> Congress found in pertinent part: (2) The illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people. (3) A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce because—(A) after manufacture, many controlled substances are transported in interstate commerce, (B) controlled substances distributed locally usually have been transported in interstate commerce immediately before their distribution, and (C) controlled substances possessed commonly flow through interstate commerce immediately prior to such possession. (4) Local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances. (5) Controlled substances manufactured and distributed intrastate cannot be differentiated from controlled substances manufactured and distributed interstate ... (6) Federal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic. 21 U.S.C. § 801; see Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, 1970 U.S.C.C.A.N. (84 Stat.) 4566, 4595–96.

Court cases *Minor v. U.S.*, (supra); *Reina v. U.S.*, (supra); *United States v. Walsh*, (supra); *Yee Hem v. U.S.*, (supra); *McDermott v. Wisconsin*, (supra), and by appellate Federal Courts; *U.S. v. McDougherty*, (supra). Further, the Comprehensive Drug Abuse Preventions and Control Act of 1970 specifically found that drug trafficking whether interstate or intrastate substantially affects interstate commerce. Hence, subsequent drug related Congressional enactments do not require specific interstate nexus.

The Court therefore concludes that there is no impediment for Congress to punish more severely some behavior affecting interstate commerce than other behavior based on firearm usage because of its detriment to society. *U.S. v. McDougherty*, (supra) p. 572.[3]

Defendants, Ramón Batista Olivo and Ramón Vega Leonard, challenge to this Court's jurisdiction based on lack of an interstate nexus of the discussed statutes **IS DISMISSED**.

**IT IS SO ORDERED.**

---

**3.** The challenge to the jurisdiction of the Court of another enhancement statute, 18 U.S.C. § 924(a)(2), is subject to the same analysis as that made for 18 U.S.C. § 924(c)(1) in the sense that a firearm is used in relation to a drug traffick violation or any other violation that affects interstate commerce.