70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Colin McGREGOR, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-35123.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former federal prisoner Colin Reid McGregor appeals pro se from the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate and set aside his 1986 guilty plea conviction and sentence for attempt to manufacture methamphetamine, in violation of Title II of the Comprehensive Controlled Sentence Abuse and Control Act of 1970, 21 U.S.C. Secs. 841(a)(1) and 846.
 
 
 3
 McGregor contends that his conviction was unconstitutional because Congress has no power to regulate intrastate drug activity. He challenges this court's decisions upholding the constitutionality of federal regulation of intrastate drug activity[1] by arguing that those decisions disregarded pre-existing Supreme Court authority.[2] Because we are bound by decisions of prior panels of this court, Clow v. U.S. Dept. of Housing and Urban Development, 948 F.2d 614, 616 (9th Cir.1991), the judgment of the district court is
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990), cert. denied 502 U.S. 969 (1991); United States v. Montes-Zarate, 552 F.2d 1330 (9th Cir.1977), cert. denied 435 U.S. 947 (1978); United States v. Rodriquez-Camacho, 468 F.2d 1220 (9th Cir.1972), cert. denied 410 U.S. 985 (9th Cir.1973)
 
 
 [2]
 McGregor relies on Nigro v. United States, 276 U.S. 332 (1928), and United States v. Jin Fuey Moy, 241 U.S. 394 (1915)