U.S. v. Kremetis                    CR-95-69-JD   11/14/95 P
                UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE

United States of America

        v.                          Criminal No. 95-68-01-JD

Michael Kremetis


                           O R D E R


     This case is scheduled for jury selection on November 21,
1995.  Before the court is the defendant's motion to dismiss the
superseding indictment (document no. 102).


                          Discussion

     The superseding indictment charges the defendant with
conspiracy, 21 U.S.C. § 846, possession with intent to distribute
and aiding and abetting in the unlawful distribution of cocaine,
21 U.S.C. § 841(a)(1).  The defendant's criminal activities are
alleged to have taken place entirely within the district of New
Hampshire.

     In his motion the defendant asserts that the superseding
indictment must be dismissed because Congress lacked authority to
enact 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).  He argues that
the statutes are unconstitutional on their face because "in their
present form . . . the statutes do not provide the required nexus
to interstate commerce and there is no jurisdictional element

which would limit their application to interstate commerce." Defendant's Memorandum in Support of Motion to Dismiss at 5. The defendant further argues that even if the statutes at issue are constitutional on their face, "their application to the defendant in this case is unconstitutional as there is no allegation of conduct on the part of the defendant or co-defendant which 'substantially affects' interstate commerce." Id.

As the defendant correctly notes, the Supreme Court recently held that the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q)(1)(A), exceeded Congress' authority to regulate under the Commerce Clause, U.S. Const., Art. I, § 8, cl. 3. United States v. Lopez, 115 S. Ct. 1624, 1626 (1995). The Court reviewed the statutory language of § 922(q) and found that it "neither regulates a commercial activity nor contains a requirement that the possession [of the firearm] be connected in any way to interstate commerce." Id. at 1626. The Court reasoned that

> [s]ection 922(q) is a criminal statute that by its terms has nothing to do with "commerce" or any sort of economic enterprise, however broadly one might define those terms. Section 922(q) is not an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated. It cannot, therefore, be sustained under our cases upholding regulations of activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affects interstate commerce.

Id. at 1630 (emphasis supplied); see id. at 1634 (noting that §

2

922(q) contains "no [statutory] requirement that [the defendant's] possession of the firearm have any concrete tie to interstate commerce").

The defendant's reliance on Lopez is unavailing. Unlike the Gun-Free School Zone Act struck down in Lopez, the statutes under which the defendant has been charged are part of a statutory scheme, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq., which includes explicit legislative findings of a nexus between the possession and distribution of narcotics within a state and the regulation of interstate commerce. For example, Congress found that:

> (4) Local distribution and possession of controlled substances contributes to swelling the interstate traffic in such substances.

> (5) Controlled substances manufactured and distributed intrastate cannot be differentiated from controlled substances manufactured and distributed interstate. Thus, it is not feasible to distinguish, in terms of controls, between controlled substances manufactured and distributed interstate and controlled substances manufactured and distributed intrastate.

> (6) Federal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic.

18 U.S.C. § 801. The First Circuit has not considered the constitutionality of either § 846 or § 841(a)(1) since the Lopez ruling was handed down. However, in September the Fourth Circuit ruled that § 841(a)(1) is constitutional on its face and as

3

applied against a defendant who was charged with the intrastate manufacture of marijuana plants. <u>United States v. Leshuk</u>, 65 F.3d 1105, 1112 (4th Cir. 1995). The Fourth Circuit reasoned:

> In contrast to the firearm possession prohibited in the Gun Act, the intrastate drug activities regulated in the Drug Act are clearly tied to interstate commerce. In passing the Drug Act, Congress made detailed findings that intrastate manufacture, distribution, and possession of controlled substances, as a class of activities, "have a substantial and direct effect" upon interstate drug trafficking and that effective control of the interstate problems requires the regulation of both intrastate and interstate activities. . . . This Court, as well as other courts, has relied upon these findings in concluding that Congress may regulate intrastate drug activities under the Commerce Clause. Moreover, contrary to [the defendant's] alternative contention, the Drug Act is not unconstitutional as applied if his possession and cultivation were for personal use and did substantially affect interstate commerce. Although a conviction under the Drug Act does not require the government to show that the specific conduct at issue substantially affected interstate commerce, <u>Lopez</u> expressly reaffirmed the principle that "where a general regulatory statute bears a substantial relation to commerce, the de minimis character of individual instances arising under that statute is of no consequence." <u>Lopez</u>, 115 S. Ct. at 1629.

<u>Id.</u> (citations omitted). Several district courts have joined the Fourth Circuit by upholding the constitutionality of Drug Act prosecutions against <u>Lopez</u>-inspired Commerce Clause challenges. <u>See, e.g.</u>, <u>United States v. Murillo</u>, 1995 WL 621797 * 2 (N.D. Cal. Oct. 19, 1995) ("Defendant cannot contend that drug transactions, local or otherwise, do not constitute commercial activity, nor can she contend that the statutes at issue here are

4

not directed at commercial activity."); <u>United States v. Grafton</u>, 1995 WL 506001 * 5 (N.D. Ga. Aug. 15, 1995) ("21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 are constitutionally valid exercises of Congress's Commerce Clause power"); <u>United States v. Gonzalez</u>, 893 F. Supp. 935, 937 (S.D. Cal. 1995) (finding "21 U.S.C. § 841(a)(1) to be a constitutional exercise of congressional authority under the Commerce Clause").

The court is persuaded that the Fourth Circuit, as well as the district courts cited <u>supra</u>, properly construed <u>Lopez</u> in rejecting the constitutional attacks on the Drug Act. The court finds that 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 are constitutional as enacted and as applied against the defendant in the superseding indictment.

<u>Conclusion</u>

The defendant's motion to dismiss (document no. 102) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

November 14, 1995

cc:  Paul J. Haley, Esquire
     U.S. Attorney
     U.S. Marshal
     U.S. Probation