124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Mark WHITE, Defendant-Appellant.
 No. 97-35171.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the District of Oregon, Nos. CV-96-06013-MRH and CR-91-61041-ALL; Michael R. Hogan, Chief District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven Mark White, a federal prisoner on supervised release, appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging his conviction by guilty plea to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 White's principal contention, that Congress lacked authority to prohibit the manufacture of marijuana pursuant to 21 U.S.C. § 841(a)(1), is foreclosed by our holding in United States v. Visman, 919 F.2d 1390 (9th Cir.1990) which held that Congress has the authority to regulate the intrastate manufacture of marijuana under Title 21 U.S.C. § 841(a)(1)). See also United States v. Kim, 94 F.3d 1247, 1250 (9th Cir.1996) (rejecting a similar challenge to Congress' ability to regulate intrastate drug activity under 21 U.S.C. § 841(a)).
 
 
 4
 We reject White's contention that 21 U.S.C. § 841 is unconstitutionally vague. See United States v. Rodriguez-Camacho, 468 F.2d 1220, 1221 (9th Cir.1972) (holding that 21 U.S.C. § 841(a)(1) gives adequate notice of its elements and is not unconstitutionally vague); see also United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989) (government is not required to prove that defendant knew his acts were illegal).
 
 
 5
 We also reject White's contentions that the cultivation of marijuana is an unenumerated right protected by the Ninth Amendment. See Bowers v. Hardwick, 478 U.S. 186, 192 (1986) ("victimless crimes, such as the possession and use of illegal drugs, do not escape the law where they are committed at home.").
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provide & by 9th Cir.R. 36-3