**Gregory THOMAS, Petitioner**

**v.**

**UNITED STATES, Respondent.**

**Civil Action No. 07–30103–MAP.**

United States District Court,
D. Massachusetts.

April 10, 2008.

---

Gregory Thomas, Ray Brook, NY, pro se.

Todd E. Newhouse, United States Attorney's Office, Springfield, MA, for Respondent.

*MEMORANDUM AND ORDER REGARDING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255*

(Dkt. No. 1)

PONSOR, District Judge.

## I. *INTRODUCTION*

Petitioner Gregory Thomas was charged on June 19, 2003, with distributing cocaine

base on January 16, 2003 (Count I), and distributing five or more grams of cocaine base on January 23, 2003 (Count II), both in violation of 21 U.S.C. § 841. The case against him was based mainly on video, tape, and eyewitness evidence regarding his participation in drug transactions with a cooperating witness, Terry Brown. After an initial mistrial followed by a second trial, Thomas was convicted on both counts. On February 24, 2004, this court sentenced Petitioner to 262 months incarceration. The First Circuit summarily affirmed the conviction and sentence on March 7, 2006. *(United States v. Thomas,* No. 05–1415 (1st Cir.2006).) Petitioner was represented both at trial and on appeal by attorney Lori Levinson.

On June 11, 2007, Thomas filed this motion petitioning the court to vacate his sentence under 28 U.S.C. § 2255, arguing that Levinson had provided ineffective assistance.[1] (Dkt. No. 1.) On September 10, 2007, Petitioner also filed a motion seeking a transcript of the jury selection at his second trial at government expense pursuant to 28 U.S.C. § 2250, alleging that the selection of the petit jury was unconstitutional. (Dkt. No. 4.)

## II. *DISCUSSION*

Petitioner argues that his conviction should be vacated because his attorney rendered him ineffective assistance, violating his Sixth Amendment right to counsel. In order to support an ineffective assistance claim, a criminal defendant must establish both "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The reasonableness of counsel's conduct is subject to "highly deferential review"; "[c]ounsel has 'wide latitude in deciding how best to represent a client,' ... and benefits from a strong presumption that he or she rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions." *Sleeper v. Spencer,* 510 F.3d 32, 38–39 (1st Cir.2007) (citations omitted). Furthermore, the burden rests on Petitioner to prove that the attorney's errors were egregious enough " 'to undermine confidence in the outcome' .... [I]t is not enough to show that the errors had 'some conceivable effect on the outcome.' " *Gonzalez–Soberal v. United States,* 244 F.3d 273, 278 (1st Cir.2001) *(quoting Strickland,* 466 U.S. at 693, 694, 104 S.Ct. 2052). Most of Thomas' allegations, even if true, are insufficient to meet this demanding standard for establishing constitutionally deficient representation.

### A. *Jurisdiction.*

■ Petitioner first contends that his trial counsel should have argued that this court lacked jurisdiction to try him under

---

1. It appears that Petitioner's motion falls outside the one-year limitations period established for motions seeking post-conviction relief. *See* 28 U.S.C. § 2255 (establishing one-year period of limitation to run from "the date on which the judgment of conviction becomes final"); *id.* § 2244(d)(1)(A) (measuring finality from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Derman v. United States,* 298 F.3d 34, 40 (1st Cir.2002) (applying § 2244 definition to federal *habeas* petition). According to this court's calculations, since the First Circuit entered judgment on March 7, 2006, Petitioner's window for filing a petition for certiorari closed on June 5, 2006, and the limitations period for filing a motion under § 2255 ended on June 5, 2007. However, as the government has not raised the issue of timeliness, the court will not address it at this juncture.

21 U.S.C. § 841 because the drug sales in question did not involve interstate commerce. Thomas' jurisdictional arguments have already been considered and categorically rejected by multiple courts. *See, e.g., United States v. Smith,* 920 F.Supp. 245, 246–49 (D.Me.1996) (and cases cited therein); *accord United States v. Medina,* 901 F.Supp. 59, 61 (D.P.R.1995). Even if Petitioner's counsel had raised a jurisdictional argument, its lack of merit would have prevented it from affecting the outcome of the trial.

### B.  *Jury Instructions.*

■  Neither of the instructions at issue merited any objection by a reasonable attorney. The statement that "the government always wins when justice is done," (Trial Tr. 79, May 20, 2004), in the context of explaining that justice is served by a correct verdict regardless of whether it is guilty or not guilty, has already been implicitly approved by the First Circuit in *United States v. Thomann,* 609 F.2d 560, 565 (1st Cir.1979), as an acceptable instruction.

■  The court's instruction that circumstantial evidence might include "testimony concerning the names used by the defendant to refer to the material," (Trial Tr. 83–84, May 20, 2004), did not, as Petitioner contends, undermine the presumption of innocence. The court immediately thereafter stated that "[w]hether the government relies on direct or circumstantial evidence to prove that the material in issue was cocaine base, it must prove so beyond a reasonable doubt." (*Id.* at 84.) To the extent that Thomas is arguing that the court's particular phrasing presumed the identity of the defendant, it is clear that this instruction refers only to *testimony* that the defendant made certain statements without opining as to the truth of that testimony. These two jury instructions cannot reasonably be thought to have prejudiced the outcome of Thomas' trial.

### C.  *Cooperating Witness.*

■  Petitioner also charges his counsel with ineffective assistance with respect to her decision not to call to the stand Terry Brown, the cooperating witness who allegedly bought cocaine from Thomas.

It is undisputed that Brown had serious credibility issues, including his receipt of payments for his cooperation, his alleged interference with the hidden camera recording the transactions, and his own serious criminal record including a charge of child molestation while he was acting as a cooperating witness. Furthermore, Brown's testimony was important to the trial since problems with the video recording of the drug sales meant Thomas' identification was in dispute.

However, the court ultimately cannot conclude that the failure to call Brown as a witness was an unreasonable decision. Petitioner admits that even without Brown on the stand, the jury heard all the evidence impeaching his character and credibility. (Dkt. No. 6, Movant's Mem. of Law in Support of Mot. Filed Under 28 U.S.C. § 2255 at 51–52.) Given that circumstance, and especially since the identification of Petitioner was a contested issue at trial, it was a legitimate professional decision to keep Brown off the stand and thus avoid the danger that he would affirmatively name Thomas as the person who had sold him drugs in recorded transactions. *See Lema v. United States,* 987 F.2d 48, 54 (1st Cir.1993) ("The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony.").

### D. *Thomas' Right to Testify.*

Petitioner also alleges that Levinson failed to inform him that the decision whether to take the stand was his alone, depriving him of the opportunity to testify that he had been working with a friend elsewhere at the time of the alleged drug sales. According to Thomas, his attorney simply advised him not to testify because of his past convictions and never noted that Petitioner could decide otherwise. The government reports that Levinson herself has declined to provide any voluntary submission regarding this matter. (Dkt. No. 8, Government's Resp. to Gregory Thomas' Mot. Pursuant to 28 U.S.C. § 2255 at 10 n. 3.)

The First Circuit has noted that a "failure to inform a defendant of his right to testify constitutes performance outside of an objective standard of reasonable competence, and ... such performance is constitutionally deficient." *Owens v. United States*, 483 F.3d 48, 58 (1st Cir.2007). Taking Thomas' allegations as true, the court cannot say that this particular claim is invalid without further factual development.

### E. *Challenges on Appeal.*

Finally, Petitioner contends that his attorney's failure to raise a number of challenges on appeal constituted ineffective assistance. Specifically, Thomas criticizes two of the court's decisions: to allow a transcript of certain tape recordings into the jury room but not the transcript of the testimony of Cassandra Frazier, and to allow in tape recordings of and testimony regarding statements by Terry Brown to provide context for conversations he engaged in, even though Brown was not testifying at trial.

As to the first issue, Petitioner has failed to demonstrate that the decision not to pursue it was in any sense unreasonable. There was no transcript available of Frazier's testimony at the time, whereas there was an existing transcript of the tapes. Additionally, the court instructed the jury as to how to consider the tape transcript properly. (Trial Tr. 67–68, May 20, 2004.) There does not appear to be any appealable error here, and thus Attorney Levinson's decision not to raise the issue before the First Circuit did not fall below the *Strickland* standard.

As for the question of allowing in evidence as to statements by Brown, any failure to raise that on appeal must be deemed harmless given that the First Circuit ruled such a decision valid in the parallel case *United States v. Walter*, 434 F.3d 30, 33–35 (1st Cir.2006) (allowing taped statements into evidence does not violate Confrontation Clause of the Sixth Amendment where they are only offered for nonhearsay purposes such as contextual background).

### F. *Unconstitutional Selection of Petit Jury.*

Thomas also has an outstanding claim that the petit jury at his trial was selected unconstitutionally, which has been in abeyance while he awaits a transcript of the proceedings. Thomas' allegations are currently insufficiently detailed to make out a viable theory of constitutional violation. The clerk will print out and mail the relevant transcript to Petitioner. It is currently available on the docket of Thomas' criminal case. *(United States v. Thomas,* No. 03–cr–30033 (D.Mass.2003), Dkt. No. 109.)

### III. *CONCLUSION*

For the reasons set forth above, the court cannot yet rule on the ineffective assistance claim as to Levinson's alleged failure to inform Petitioner of his right to

testify. Since Thomas' counsel has declined to provide an affidavit on this matter in response to Respondent's request, the court orders that she do so within thirty days of this memorandum, with the hope that the order will reassure counsel as to her ethical obligations to her client. The affidavit should set forth counsel's best recollections as to any conversations she had regarding defendant possibly testifying at trial. In the event Attorney Levinson feels providing an affidavit would be inconsistent with her professional obligations, the court will set a date for an evidentiary hearing where counsel can appear and offer testimony on this question.

As noted above, the clerk will mail Petitioner a copy of the requested transcript of the jury selection.

It is So Ordered.